Action by plaintiffs against defendant for breach of contract to insert restricted covenants in deeds for all city lots sold in the city of Rocky Mount known as "Edgemont."
The defendant demurred, and from a judgment overruling the demurrer she appealed.
Plaintiffs complained as follows:
"1. That several years ago the defendant and her sister, Nannie E. Harper, owned a large tract of land near the city limits and partly within the then city limits of the city of Rocky Mount, Edgecombe County, and planned and formed a definite scheme to subdivide the same and sell the same off into lots according (to) the said scheme for strictly and exclusively a high-class residential property, and in the pursuance of the said scheme and plan had the said property subdivided, all the said property then being designated as Edgemont. The said property was mapped or platted accordingly, and the said map is registered in Map Book No. 1, at p. 58, of Edgecombe registry; they went further and extensively published notices of sale in which all the said exclusive features of the exclusive settlement were set out; they even went further and had fully printed forms of the deed to be made containing practically all the exclusive features and conditions. All sales were made, in so far as plaintiffs can ascertain, strictly in accordance with the said scheme, other than the ones hereinafter referred to, and which do peculiar damage to the plaintiffs.
"In accordance with the said scheme and sale, many valuable improvements were placed, many handsome streets laid out and improved, and many handsome and commodious residences were erected thereon, and the same is now a populous and high-class residential section of the said city.
"2. That in the course of the development of the said scheme, and in the course of the sales, said Susan D. Williams and the said Nannie D. Harper, who are sisters, conveyed to their father, J. P. Daughtry, who plaintiffs are informed had a right of curtesy in all the said lands, lots Nos. 12 and 13, block 43, as shown on the said map, and subsequently he conveyed the said two lots to these plaintiffs, the said deeds being registered in Book 200, at p. 99, and in Book 223, at p. 162, both of which deeds and the said map are asked to read as a part hereof.
"3. That shortly after plaintiffs purchased the said two lots they erected a residence thereon, complying with the said scheme of development of Edgemont, as did scores of other purchasers.
"4. That after plaintiffs had erected their new residence on said lots, the defendant, in violation of the said plan of development, and after *Page 131 
she had sold practically all the more valuable lots in the section, sold and conveyed to one A. R. Bobbitt lot No. 14 of the said block 43, which is adjacent to plaintiffs' lots, all of which front the same street — namely, Cokey Road. In executing the deed to the said Bobbitt in violation of her agreement, she left out several of the so-called restrictions and reservations of the said deeds and scheme, and especially did she leave out items three and four of the said restrictions.
"5. That the defendant solemnly obligated herself to the plaintiffs not to make any conveyance to any other person unless the conveyance on the said Edgemont should contain all the restrictions and reservations hereinbefore stated, but in violation of the said agreement, and after plaintiffs had purchased said lots and erected their home thereon, violated the said agreement in the execution of the said deed to the said Bobbitt.
"6. That almost immediately after the said Bobbitt had thus obtained his deed in fee not containing the said reservations and restrictions he erected a building thereon which was much inferior to the one, or which cost much less than the one, which should have been required by the restrictions which defendant obligated to put in all deeds, but left out of his, and in addition thereto he erected the said building jam up to plaintiffs' line and jam up to the said Cokey Road, which road or street both lots front, and he should not, under the said scheme of development, have built nearer the said street than twenty feet, as all other deeds required, and as all other buildings on the said street and in the whole of Edgemont were built.
"7. That by reason of the construction of the said building in front of plaintiffs' building, plaintiffs' view is obstructed, and the breezes which cooled plaintiffs' front porch and other parts of the residence are obstructed, and in many other ways are plaintiffs inconvenienced and damaged that they would not have been if the deed had been executed with the restrictions and reservations according to the said scheme of development, and plaintiffs have been thereby damaged in the sum of $1,000."
The defendant demurred, for that the complaint does not state facts sufficient to constitute a cause of action.
The restricted covenants set out in the deed, referred to in paragraph two of the complaint, are as follows:
"First — The party of the second part agrees not to sell the property hereinbefore described to persons of African descent until a period of twenty years from the date of this deed shall have expired.
"Second — That no liquors or ardent spirits are to be sold upon the property hereinbefore mentioned until a period of twenty years from the date of this deed shall have expired. *Page 132 
"Third — That no dwelling-house or store-house shall be erected on the property hereinbefore conveyed to cost less than $1,500 until a period of twenty years from the date of this deed shall have expired.
"Fourth — That no dwelling-house, store-house, or other building structure shall be erected on the property hereinbefore conveyed nearer than twenty feet to the main street on which said property faces until a period of ten years from the date of this deed shall have expired.
"Fifth — That the layout of the lots as shown on the plan or plot of `Edgemont' shall be adhered to, and no scheme of subdividing lots or facing main buildings on lots in other directions than as indicated by said plan shall be permitted until a period of fifteen years from the date of this deed shall have expired, provided that this covenant or agreement shall not apply to the grantors herein when making original conveyances of said property.
"Sixth — That not more than one residence or main structure shall be erected on any one lot as shown on said plan until a period of fifteen years from the date of this deed shall have expired."
The following judgment was rendered upon the demurrer:
"This cause coming on to be heard before his Honor, Judge N. A. Sinclair, in chambers at Wilson, N.C. this 24 June, 1925, upon complaint and demurrer after notice having been given to both parties of such hearing, and being heard, and the plaintiff comes into court and withdraws the allegations of the complaint numbered 8 and 9, and takes a nonsuit as to the matters alleged in paragraph 8 of the said complaint, and as to the demurrer that the complaint in all other respects does not state a cause of action, the demurrer is overruled, and the defendant is allowed to answer as provided by statute."
The sole question presented in this case is whether the complaint alleges an actionable breach of the contract.
This case is readily distinguishable from actions in equity to enforce restricted covenants growing out of either specific contracts or a general scheme or plan of development. Davis v. Robinson, 189 N.C. 597. No equitable relief in the instant case is sought, but the plaintiffs allege specifically, in paragraph five of the complaint, that the defendant solemnly obligated herself to the plaintiff not to make any conveyance to any other person for lands in Edgemont unless the conveyance should contain all the restricted covenants which appear in the Daughtry deed, under which plaintiffs had purchased and built a residence, and that there was a breach of this solemn obligation. *Page 133 
In Davis v. Robinson, supra, this Court held that such restrictions were not enforceable by injunctive relief unless they appeared in the deeds of the parties against whom the equitable relief was sought or in their chain of title. Of course, this did not affect the right to exercise the right to resort to the equitable doctrine of correction to insert the covenants upon proper proof of all the elements necessary. But Davis v. Robinson, supra, does not hold that a landowner could not by contract bind herself to insert restrictive covenants in all other deeds for lots subsequently sold when founded upon sufficient consideration. Construing the complaint as required by C. S., 535; Hartsfield v. Bryan, 177 N.C. 166; Parker v. Parker,176 N.C. 198; Muse v. Motor Co., 175 N.C. 466; Wyatt v. R. R., 156 N.C. 307;Brewer v. Wynne, 154 N.C. 467; Ludwick v. Penny, 158 N.C. 104;Stokes v. Taylor, 104 N.C. 394; Gregory v. Pinnix, 158 N.C. 147; R. R.v. Main, 132 N.C. 445; Phifer v. Giles, 159 N.C. 142; McNinch v. TrustCo., 183 N.C. 33, 41, we must hold that the complaint is not demurrable unless it is wholly insufficient. Womack v. Carter, 160 N.C. 286. Under this rule the complaint does set out a cause of action in the light of the allegations contained in paragraph five thereof.
If the complaint is not sufficiently specific in order to inform the defendant, so that she may prepare her defense intelligently, the remedy is not by demurrer, but by a motion addressed to the trial court to make the complaint more definite and specific. Bank v. Duffy, 156 N.C. 83; Womackv. Carter, supra; C. S., 537.
We forbear any discussion of the facts in this case, in order that no prejudice may result upon the trial. We expressly limit this opinion to the holding that the complaint is not demurrable.
The judgment appealed from is
Affirmed.