NEW HOPE REALTY COMPANY v. ED BARNES AND ALEX BARNES.

(Filed 3 April, 1929.)

**1. Injunctions D b—Irreparable injury grounds for continuing order restraining building contrary to covenant in deed to final hearing.**

Where injunctive relief is sought to restrain the violation of warranties and covenants in deed restricting the location of residences on a lot sold in a development plan under a deed duly recorded, and a serious question is presented as to whether such violation would cause substantial and irreparable injury to the development company, the restraining order will be continued to the hearing until the matters may be determined at the trial.

**2. Appeal and Error J d—Burden of showing error on appellant.**

While the burden is on the plaintiff in an action seeking injunctive relief to show irreparable injury entitling him to the equitable relief sought, where the equity has been granted in the Superior Court, it is upon the appealing defendant to show error in the Supreme Court.

APPEAL by defendants from *Devin, J.,* at Chambers, 20 September, 1928, September Term, 1928, of DURHAM. Affirmed.

This is a civil action brought by plaintiff in which injunctive relief was prayed against defendant, Alex Barnes, the owner of lots 27 and 28, as shown on the plat of the South Street property of the plaintiff, and Ed Barnes, a contractor, to stop constructing a house for Alex Barnes on said lots facing on an unnamed street, in violation of a covenant in a certain deed made by plaintiff to one R. L. McDougald. The deed was made and executed by plaintiff to the said McDougald on 14 March, 1927, and was duly recorded in the office· of the register of deeds for Durham County in Book 74, p. 659. The deed contained the following· covenant: "It is expressly understood and agreed by the parties hereto that any residence erected or placed on the above-mentioned lot shall

face South Street, and that no residence shall be constructed or licensed to be erected on said lots or front on said unnamed street, this being one of the conditions in the sale of the above property, and this agreement is hereby made a covenant running with the land."

The defendant, Alex Barnes, purchased the above-named lots in the development from R. L. McDougald, "without any restrictive covenants whatsoever." Alex Barnes conveyed one-half interest to one Pratt.

The plaintiff alleges: "That if the said Ed Barnes and Alex Barnes are allowed to continue the construction of the said house, the plaintiff's property will be greatly damaged thereby; that the erection of the said house by the said defendants will greatly injure the beauty and attractiveness of the said Forest Hills, and will be a continuous aggravation to the plaintiff, and will usurp the plaintiff's rights and be a great damage to the value of the said property owned by the plaintiff, for the reason that the value of the said property consists largely in the beauty and attractiveness of the lots as they are situated on the plaintiff's said development. That if the defendants are allowed to continue the erection of the said dwelling the plaintiff will be irreparably injured."

There was evidence to sustain plaintiff's allegations. The defendants denied the allegations of plaintiff and there was evidence introduced by defendants to sustain their contentions.

*W. S. Lockhart for plaintiff.*
*R. McCants Andrews for defendants.*

CLARKSON, J. The plaintiff contends that the question involved: "Is this covenant of such a nature as to justify a restraint of its violation until all questions of fact relating thereto can be determined?" We think so.

Ordinarily, the right to injunctive relief to compel the observance of covenants and restraintive clauses, is recognized in this jurisdiction. *Church v. Bragaw,* 144 N. C., 126; *Guilford v. Porter,* 167 N. C., 366; *Bradshaw v. Millikin,* 173 N. C., 432; *Davis v. Robinson,* 189 N. C., 589; *Nye v. Williams,* 190 N. C., 129.

In *Wentz v. Land Co.,* 193 N. C., at p. 34, it is said: "On the record, as to material facts, there is serious conflict. In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct." *R. R. v. Transit Co.,* 195 N. C., 305.

In *Ohio Oil Co. v. Conway, Supervisor of Public Accounts, et al.* (La.), U. S. Supreme Court, per curiam opinion filed 5 March, 1929,

speaking to the subject, it is said: "But enough appears to make it plain that there is a real dispute over material questions of fact which cannot be satisfactorily resolved upon the present affidavits and yet must be resolved before the constitutional validity of the amendatory statute can be determined. . . . Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party, even if the final decree be in his favor, will be considerable, or may be adequately indemnified by a bond, the injunction usually will be granted. *Love v. Atchison, T. & S. F. Ry. Co.,* 185 Fed., 321, 331-332."

The defendants have filed an elaborate brief, but inapplicable on the present state of the record. On the record as to material facts there is serious conflict. The burden is on defendants to assign and show error. The presumption is that the judgment and proceedings in the court below are correct. For the reasons given the judgment of the court below is

Affirmed.