J. E. FRANZLE, AMELIA FRANZLE, R. C. PENNINGTON, MARY PENNINGTON, M. A. LYONS, LIBBY LYONS, F. H. TRETHEWAY, JEWEL TRETHEWAY, MICHAEL P. MULLINS AND HELEN G. MULLINS v. WILLIAM W. WATERS, WATERS CONSTRUCTION COMPANY, INC., GEORGE S. GOODYEAR, GEO. GOODYEAR COMPANY AND MURRY-HILL DEVELOPMENT COMPANY

No. 7326SC121

(Filed 13 June 1973)

1. Deeds § 20— restrictive covenant — residential use — construction of road on subdivision lot

A restrictive covenant limiting subdivision lots to residential use precludes a construction company from building a roadway across a lot in the subdivision that would connect a street in the subdivision with a street in an adjoining subdivision.

2. Injunctions § 2— enjoining violation of restrictive covenant — inadequate remedy — irreparable injury

In an action to enjoin the construction of a roadway in violation of a subdivision restrictive covenant, the court's conclusion that plaintiffs' remedy at law was inadequate and that irreparable injury would be sustained by plaintiffs was supported by findings that defendant intended to construct the roadway as soon as possible and had in fact begun construction of the roadway.

APPEAL by defendants from Grist, Judge, 7 September 1972 Schedule "A" Civil Jury Session of MECKLENBURG County Superior Court.

Defendants appeal from summary judgment entered 22 September 1972 permanently enjoining them from constructing a roadway from Mountainbrook Subdivision No. 7 across Lot No. 59 in Mountainbrook Subdivision No. 1. The essential and undisputed facts disclosed by the pleadings, stipulations, affidavits and exhibits are as follows:

Plaintiffs are owners of lots located in Mountainbrook No. 1, a subdivision in Mecklenburg County, a plat of which is duly recorded in the office of the Register of Deeds for Mecklenburg County. In 1957 all the then owners of lots in Mountainbrook No. 1 entered into a "Joint Venture" by which they bound all the lots therein to certain restrictive covenants, and the restrictive covenants were embodied in an instrument also duly recorded in the office of the Register of Deeds for Mecklenburg County. The pertinent provisions of that instrument designated as "Exhibit B" are as follows:

"[I]t is agreed by and between said parties that the following restrictions be and they are hereby imposed upon the above real estate. These covenants are to run with the land and shall be binding on all parties and all persons claiming under them until January 1, 1982, at which time said covenants shall be automatically extended for successive periods of ten years unless by vote of a majority of the then owners of the lots it is agreed to change said restrictions in whole or in part.

(1) *All of the above lots shall be known and designated as residential lots* and no re-subdivision thereof shall be effected resulting in residential lots having an area of less than 15,000 square feet.

No structure shall be erected, altered, placed or permitted to remain on any residential building plot other than one single family dwelling not to exceed two and one-half stories in height and a private garage for not more than three cars; and other outbuildings incidental to residential use of the plot.

\*          \*          \*

(3) No residence or dwelling shall be located on any residential plot nearer than the building line shown on recorded map. No building shall be located on any residential plot nearer than ten feet to the side lot lines. The ten feet restriction shall not be so construed as to result in a violation of the side line restriction in the event a building is located within ten feet of the side lines of the lots shown on the aforesaid map, if, by re-subdivision, new side lines fall outside the restricted area. There is reserved along all streets except Mountainbrook Road a five foot easement to the State Highway Department.

Franzle v. Waters

*    *    *

(4) No noxious or offensive trade or activity shall be carried on upon any residential plot nor shall anything be done thereon which may be or become an annoyance or nuisance to the neighborhood.

*    *    *

(6) No trailer, basement, tent, shack, garage, barn or outbuilding erected on any residential plot shall at any time be used as a residence, temporarily or permanently, nor shall any structure of a temporary character be used as a residence.

(7) No dwelling costing less than $12,000.00 or whose ground floor area of the main structure, exclusive of one story open porches and garages, shall be less than 1500 square feet. In the case of split levels, one and one-half stories and two stories, the area of the ground floor shall not be less than 1200 square feet heated area and the entire heated area, shall not be less than 1750 square feet.

(8) No animals or poultry of any kind shall be kept or maintained on any part of said property except house pets such as dogs and cats.

(9) No signboards of any description shall be displayed on any of said residential plots except signs 'For Rent' and 'For Sale,' which signs shall not exceed 15 inches by 20 inches." (Emphasis added.)

Defendant Geo. S. Goodyear Company is the owner of Lot No. 59 in Mountainbrook No. 1. Defendant Waters Construction Company is the owner of approximately 39.85 acres lying adjacent to Mountainbrook No. 1 and abutting Lot No. 59. This 39.85-acre tract has been subdivided and is known as Mountainbrook No. 7. The defendant Goodyear Company and defendant Waters Construction Company entered into an agreement by which Goodyear Company granted a 60-foot right-of-way to Waters Construction Company across Lot No. 59 in Mountainbrook No. 1 for the purpose of constructing a 28-foot roadway which would connect a street in Mountainbrook No. 7 with Mountainbrook Road which runs through Mountainbrook No. 1. Defendant Waters Construction Company, developer of Mountainbrook No. 7, had no connection with the development of Mountainbrook No. 1.

Defendants secured the approval of the Charlotte-Mecklenburg Planning Commission for the construction of the roadway and were engaged in the initial stages of construction when plaintiffs sought and obtained a temporary restraining order enjoining any further construction. The restraining order was subsequently continued, and the matter was finally heard upon plaintiffs' motion for summary judgment. After making findings of fact in basic accord with those set out above, the trial judge made the following conclusions of law:

"1. That the construction of a roadway across Lot No. 59 in Mountainbrook No. 1 by Defendant Waters Construction Co., Inc., pursuant to an agreement between said Defendant and Defendant Geo. S. Goodyear Company, constitutes a violation of the restrictive covenants, referred to above as Exhibit 'B.'

2. That the Plaintiffs have no adequate remedy at law, or otherwise, to prevent the harm and damage which would occur if the construction of said roadway across Lot No. 59 in Mountainbrook No. 1 is allowed to proceed.

3. That irreparable harm, damage and injury will be sustained to the plaintiffs, as a matter of law and as inferred and implied from the above and foregoing findings of fact, unless the Defendants Waters Construction Co., Inc. and Geo. S. Goodyear Company are permanently restrained and enjoined from constructing a roadway across any portion of Lot No. 59 in Mountainbrook No. 1.

4. That there exists no genuine issue as to any material fact, and that the Plaintiffs are entitled to a Judgment as a matter of law."

Judgment was then entered permanently restraining defendants from constructing a roadway over Lot No. 59 and ordering defendant, Waters Construction Company, to restore the property to its condition prior to the commencement of construction. From this judgment defendants appealed.

*Palmer, Jonas and Mullins, P.A., by Michael P. Mullins,* for plaintiff appellees.

*Levine, Goodman and Murchison, by Sol Levine,* for defendant appellants.

·MORRIS, Judge.

**[1]** The primary question for our determination is whether the construction of the proposed roadway over Lot No. 59 is violative of the restrictive covenants governing lots in Mountainbrook Subdivision No. 1.

The general principles governing construction of restrictive covenants in this State were well summarized by Sharp, Justice, in *Long v. Branham*, 271 N.C. 264, 268, 156 S.E. 2d 235 (1967), as follows:

> "In construing restrictive covenants, the fundamental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions. *Callaham v. Arenson*, 239 N.C. 619, 80 S.E. 2d 619. The rules of construction are fully set out in Annot., Construction and application of covenant restricting use of property to 'residential' or 'residential purposes,' 175 A.L.R. 1191, 1193 (1948), and they are succinctly stated in 20 Am. Jur., *Id.* § 187 as follows:
>
>> 'Covenants and agreements restricting the free use of property are strictly construed against limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction to affect lands not specifically described, or to grant rights to persons in whose favor it is not. clearly shown such restrictions are to apply. Doubt will be resolved in favor of the unrestricted use of property, so that where the language of a restrictive covenant is capable of two constructions, the one that limits, rather than the one which extends it, should be adopted, and that construction should be embraced which least restricts the free use of the land.
>>
>> *Such construction in favor of the unrestricted use, however, must be reasonable. The strict rule of construction as to restrictions should not be applied in such a way as to defeat the plain and obvious purposes of a restriction.'* " (Emphasis supplied.)

Defendants contend that the restrictive covenants cannot be interpreted as legally sufficient to prevent construction of the proposed roadway. We do not agree.

While each case involving the construction of proposed roadways over property restricted solely to residential use must be determined on its own facts, *Long v. Branham, supra,* the facts in the case *sub judice* are so strikingly similar to those in *Long* that we are of the opinion that decision there is controlling here. In *Long,* it was held that restrictive covenants limiting the lots in a subdivision to residential use only, precluded a lot owner in that subdivision from constructing a roadway across his lot that would connect the only street in that subdivision with a street in an adjoining subdivision. Examining the intent of the parties the Court in *Long* stated, at page 275:

> "It is quite obvious that its developer and those who purchased lots therein did not contemplate that Timberly Drive should ever become a thoroughfare which would carry traffic from another subdivision. Their objective was a quiet, residential area in which the noise and hazards of vehicular traffic would be kept at a minimum and in which children could play with relative safety."

Similarly, it appears that the original owners and subsequent purchasers of lots in Mountainbrook No. 1, so designated as residential lots, did not contemplate that a road 28. feet wide with a 60-foot right-of-way would carry traffic from another subdivision through Mountainbrook No. 1 thereby increasing the traffic flow on Mountainbrook Road. It is obvious from the provisions set forth in Exhibit B that a quiet residential area was planned and we feel that the trial judge was correct in concluding that the proposed roadway constituted a violation of the restrictive covenants.

[2] Defendants also attack the propriety of the remedy of injunction in this case. They contend that there were insufficient findings of fact to support the conclusions of law that plaintiffs' remedy at law was inadequate and that irreparable harm, damage and injury would be sustained. Again, we do not agree.

It is well settled in North Carolina that injunctive relief is available as a remedy to enforce restrictive covenants. *Realty Company v. Barnes,* 197 N.C. 6, 147 S.E. 617 (1929).

The trial court found as a fact, in accordance with facts stipulated by Waters, that defendant Waters Construction Company intended to construct the roadway as soon as possible. The court also found as a fact, to which there was no exception, "upon representations to the Court by counsel for the parties" that defendant Waters Construction Company had in fact begun construction of the roadway. Clearly the danger was real and immediate that the roadway would be constructed in derogation of plaintiffs' rights under the restrictive covenants.

Defendants do not except to the findings of fact, but do except to the conclusions of law. We are of the opinion that the court properly concluded there was no genuine issue as to any material fact. We are also of the opinion that the court correctly applied the law to the facts.

Affirmed.

Judges BROCK and VAUGHN concur.