ROLAND W. ROBINSON, AND WIFE, KATHERINE H. ROBINSON; C. A. VAN TASSELL, AND WIFE, ARBUTUS B. VAN TASSELL; CLARENCE DAVIS CARPENTER, AND WIFE, MELBA CARPENTER; JAMES E. MOODY, AND WIFE, MARGARET G. MOODY; LELAND J. ROBINSON, AND WIFE, RUTH ROBINSON; LONNIE J. MITCHELL, AND WIFE, LELA R. MITCHELL; HUGH W. LINK, AND WIFE, BERNICE LINK; POLIE Q. CLONINGER, AND WIFE, EUNICE Q. CLONINGER; LESTER E. ROBINSON, AND WIFE, MABEL H. ROBINSON; CARL D. (BILL) WARD, AND WIFE, VIOLET T. WARD; WILLIAM BLAIR (BILL) QUEEN, AND WIFE, HILDA MAUNEY QUEEN; L. H. STARR, AND WIFE, SARA STARR; RAYMOND A. WALLACE, AND WIFE, EVELYN H. WALLACE; MARVIN L. ALDRIDGE, AND WIFE, SARA ALDRIDGE; GEORGE A. MARTIN, AND WIFE, GENEVA P. MARTIN; H. C. FOUTS, AND WIFE, RUTH G. FOUTS; JOHN T. DIEHL, AND WIFE, MINA C. DIEHL; T. E. ROBINSON, AND WIFE, BETTY G. ROBINSON; AND, JAMES MASON STRICKLAND, AND WIFE, GERTRUDE STRICKLAND

— v. —

PACEMAKER INVESTMENT COMPANY; BAUGH DEVELOPMENT COMPANY; HARVEY E. ROBINSON, AND WIFE, CAROLYN E. ROBINSON; GRADY GENE ROBINSON, AND WIFE, CAROLYN ROBINSON; JONAS M. ROBINSON, JR., AND WIFE, KATHLEEN ROBINSON; CLYDE ROBINSON, AND WIFE, GLORIA STROUPE ROBINSON; RAYMOND P. HOWELL, AND WIFE, IOLA G. HOWELL; W. N. PUETT, TRUSTEE FOR FIRST ATLANTIC CORPORATION, SUCCESSOR TO GOODYEAR MORTGAGE CORPORATION AND FIRST ATLANTIC CORPORATION; O. F. STAFFORD, TRUSTEE FOR PILOT LIFE INSURANCE COMPANY AND PILOT LIFE INSURANCE COMPANY; JULIUS T. SANDERS, TRUSTEE FOR FIRST FEDERAL SAVINGS & LOAN ASSOCIATION AND FIRST FEDERAL SAVINGS & LOAN ASSOCIATION; PHILIP V. HARRELL, TRUSTEE FOR FIRST FEDERAL SAVINGS & LOAN ASSOCIATION; PHILIP V. HARRELL, TRUSTEE FOR FIRST CITIZENS BANK & TRUST COMPANY AND FIRST CITIZENS BANK & TRUST COMPANY; T. LAMAR ROBINSON, TRUSTEE FOR CITIZENS NATIONAL BANK IN GASTONIA, NORTH CAROLINA AND CITIZENS NATIONAL BANK IN GASTONIA, NORTH CAROLINA; AND O. F. MASON, JR., TRUSTEE FOR FIRST FEDERAL SAVINGS & LOAN ASSOCIATION

No. 7327SC653

(Filed 24 October 1973)

1. Deeds § 20— resubdivision of subdivision — restrictive covenants in relation to new lot lines — no violation

Where defendant resubdivided lots of a subdivision in which plaintiffs owned property, defendant's construction of homes on those new

lots did not constitute a violation of restrictive covenants thereon, though the homes were actually located upon and extended across what were formerly the interior lot lines of the subdivision, where the homes did conform to the minimum setback requirement of the restrictive covenants in relation to the new front and side lot lines created by defendant's resubdivision of the property.

2. **Deeds § 20— sale of subdivision lots — reference to map — no covenant as to remainder of subdivision**

Transfer of lots by reference to a recorded map of a subdivision does not of itself imply any covenant that the owner of the subdivision will not sell the remainder of the subdivision except in parcels delineated on the map.

3. **Deeds § 20— restrictive covenants on subdivision lots — effect on resubdivision**

Restrictive covenants on subdivision lots which required that buildings be located no closer than given distances from the front and interior lot lines did not prohibit the resubdivision of the property or prevent the relocation of interior side lines of lots.

4. **Injunctions § 2— subdivision property — legal activity of defendant — injunction improper remedy**

Trial court properly refused to enjoin defendant from petitioning for withdrawal of unused streets in the subdivision in question or using its own property to widen streets, since those activities did not concern the building restrictions sought to be enforced by plaintiffs and were in no way illegal.

APPEAL by plaintiffs from *McLean, Judge*, 14 May 1973 Session of Superior Court held in GASTON County.

Plaintiffs as property owners in Robinson Heights Subdivision bring this action to require defendants to comply with the restrictive covenants in effect upon property within the Robinson Heights Subdivision. Plaintiffs seek to enjoin the defendants from completing construction of residences which are less than 15 feet from the interior lot lines of the original subdivision and from any action which might constitute an attempt to violate the restrictive covenants. Their compliant requests mandatory injunction and damages.

An ex parte temporary restraining order was issued, and the cause came on for trial before Judge W. K. McLean, without a jury.

At the trial the evidence submitted showed, in substance, that Jonas M. Robinson and wife, Lottie H. Robinson, created the Robinson Heights Subdivision in 1955. A plat of the subdivision was filed in the Gaston County Registry. All of the lots in the

subdivision were subjected to restrictive covenants, running with the land, which were also recorded. Among the provisions of these restrictive covenants were the following:

"1. No lot shall be used except for residential purposes. . . .

\* \* \*

"3. No building shall be located on any lot nearer to the front lot line than 40 feet. No dwelling shall be located nearer than 15 feet to the interior lot line, except that no side yard shall be required for a garage or other permitted accessory building located more than 80 feet or more from the minimum building setback line.

"4. No dwelling shall be erected or placed on any lot having a width of less than 75 feet at the minimum building setback line, nor shall any dwelling be erected or placed on any lot having an area of less than 11,000 square feet.

\* \* \*

"10. If the parties hereto, or any of them, or their heirs or assigns, shall violate or attempt to violate any of the covenants herein it shall be lawful for any other person or persons owning any real property situated in said development or subdivision to prosecute any proceedings at law or in equity against the person or persons violating or attempting to violate any such covenant. . . ."

In 1971 Baugh Development Company (hereinafter referred to as Baugh) purchased from the Robinson estate all the lots which had not previously been sold by the Robinsons. These lots comprised approximately 82% of the subdivision and consisted of open fields, woods, a lake, and some marshland. Among the lots purchased by Baugh were Lots 3, 4, 5 and half of Lot 6 of Block E which had a total front footage on Hoffman Street of 503 feet. Baugh has resubdivided these 3½ lots, relocating the lot boundaries to form four new lots which have been designated 3A, 4A, 5A and 6A in a plat of resubdivision which has been recorded in the Gaston County Registry. Each of these new lots has an area of more than 11,000 square feet, and each is at least 100 feet wide at the minimum building setback line.

Baugh has constructed foundations for new houses on Lots 4A, 5A, and 6A. These houses are more than 40 feet from the front lines of the lots, and they are more than 15 feet from

the side lines of Lots 4A, 5A and 6A—the new lots; but the houses sit astride the side lines of Lots 3, 4 and 5—the old lots.

By agreement of the parties the court went to Robinson Heights for a view of the premises, and, also by agreement of the parties, admitted into evidence a map designated as Court's Exhibit 1.

The trial court found facts and concluded as a matter of law:

"1. That the resubdivided lots in Robinson Heights Subdivision known as 3A, 4A, 5A and 6A of Block E conform to the restrictive covenants recorded against the subdivision in that all of the lots have a width of at least 75 feet at the minimum building setback line and all of the lots have an area of more than 11,000 square feet.

"2. That the dwellings being constructed on lots 4A, 5A and 6A conform to the restrictive covenants on the subdivision in that no building is located on any lot nearer to the front lot line than 40 feet and no dwelling is located nearer than 15 feet to the interior lot lines.

"3. That the dwellings being constructed on lots 4A, 5A and 6A that cross the old side lot lines of lots 3, 4, and 5 of Block E as contained on Plat Book 11 at page 179 do not constitute a violation of the restrictive covenants as long as the dwellings conform to the minimum setback requirement in relation to the new front and side lot lines created by the resubdivision of Baugh Development Company.

"4. That there is no other evidence that the defendant, Baugh Development Company, is violating or attempting to violate the restrictive covenants recorded in Book 650 at page 206 and as amended in Book 708 at page 595 in the Gaston County Registry."

Judgment was entered for the defendants, and plaintiffs appealed.

*Horace M. DuBose III, for plaintiff appellants*

*Charles D. Gray III, for defendant appellees Baugh Development Company and Pacemaker Investment Corporation.*

BALEY, Judge.

Plaintiffs make two basic contentions: (1) that the restrictive covenants applying to Robinson Heights Subdivision forbid the construction of any dwelling within 15 feet of the interior lot lines of Lots 3, 4 and 5 of Block E as shown on the original plat of the subdivision; and (2) that defendants are "attempting to violate" the restrictive covenants by petitioning authorities to permit withdrawal of unused streets in the subdivision and by proposing to widen other streets.

[1] Defendant Baugh has resubdivided Lots 3, 4 and 5 and one-half of Lot 6 to make new lots designated as 3A, 4A, 5A and 6A and is building houses which admittedly are actually located upon and extend across what were formerly the interior lot lines of Lots 3, 4 and 5; however, they are not within 15 feet of the interior lot lines of the new lots 3A, 4A, 5A and 6A and comply in all respects with the other requirements of the restrictive covenants. See Map, Court's Exhibit 1. The trial court held that constructing houses upon the old side lot lines of Lots 3, 4, and 5 did not "constitute a violation of the restrictive covenants as long as the dwellings conform to the minimum setback requirement in relation to the new front and side lot lines created by the resubdivision of Baugh Development Company," and we agree.

[2] Transfer of lots by reference to a recorded map of a subdivision does not of itself imply any covenant that the owner of the subdivision will not sell the remainder of the subdivision except in parcels delineated on the map. *Turner v. Glenn,* 220 N.C. 620, 18 S.E. 2d 197. If plaintiffs are to prevail in this action, they must show that defendants have violated the restrictive covenants imposed on the subdivision by Jonas and Lottie Robinson in 1955.

The key to interpreting restrictive covenants is the intention of the parties. Since they limit the free use of property, restrictive covenants are construed strictly, *Callaham v. Arenson,* 239 N.C. 619, 80 S.E. 2d 619; *Craven County v. Trust Co.,* 237 N.C. 502, 75 S.E. 2d 620; but not so strictly as to defeat the purpose of the restriction. *Long v. Branham,* 271 N.C. 264, 156 S.E. 2d 235; *Franzle v. Waters,* 18 N.C. App. 371, 197 S.E. 2d 15. "[T]he fundamental rule is that the intention of the parties governs . . . ." *Long v. Branham, supra* at 268, 156 S.E. 2d at 238. In determining the intention of the parties it is impor-

Robinson v. Investment Co.

Robinson v. Investment Co.

tant to consider the language of the covenants, the nature of the subdivision, the purpose of the restrictions, and surrounding circumstances at the time such restrictive covenants were created.

[3]   In our view the restrictive covenants in this case by their language and purpose do not prohibit the resubdivision of the property or prevent the relocation of interior side lines of lots. In fact, they may well contemplate such resubdivision. The subdivision was created for use for residential purposes limited to only one dwelling per lot with minimum cost and size for such dwellings. The lots were to have an area of not less than 11,000 square feet with a width of not less than 75 feet at the minimum building setback line. No building could be located on any lot nearer to the front line than 40 feet nor to the interior lot line than 15 feet. If the parties did not contemplate resubdivision, the provision requiring a minimum area would be meaningless as the lots would be unchangeable from the beginning. Since the area of the lots would be flexible, the limitations upon setback lines and the location of houses upon the lots give stronger assurance that the residential purpose for which the restrictions were created would be maintained even though the area of the original lots might be enlarged or reduced.

In *Callaham v. Arenson, supra,* plaintiff owned four lots in a subdivision and sought to resubdivide them. The subdivision was subject to restrictive covenants similar to those in the present case. The court permitted such resubdivision since the new lots conformed to the requirements of the original restrictive covenants. An examination of the map in *Callaham* shows that building upon side lot lines of the old lots would be required for any development. We feel that *Callaham* is controlling here.

Plaintiffs rely strongly upon *Ingle v. Stubbins,* 240 N.C. 382, 82 S.E. 2d 388, as limiting or overruling *Callaham.* In *Ingle* the lots concerned were corner lots and the builders sought to treat the front line of the lot as a side line and avoid the setback restriction prohibiting building within 50 feet of the front line. This would defeat the orderly arrangement of the dwellings upon streets in the subdivision which was the purpose of the front line setback restriction and permit an unplanned, irregular, and helter-skelter appearance. Such a damaging change could not have been intended by the parties, and the court construed the covenants to prohibit this type of resubdivision. *Ingle* is not in conflict with *Callaham* as both reflect the intent of the

---

---

parties under the factual circumstances of each case and follow logically from the principles used by the North Carolina courts in interpreting restrictive covenants.

[4] With respect to the contention of plaintiffs that Baugh is "attempting to violate" the restrictive covenants by petitioning for withdrawal of unused streets in the subdivision or using their own property to widen streets, these activities are in no way illegal; they do not concern building restrictions. The courts cannot enjoin defendants from engaging in activities which are entirely legal merely because plaintiffs believe that they intend to commit illegal acts in the future. *See, e.g., Membership Corp. v. Light Co.,* 256 N.C. 56, 59-60, 122 S.E. 2d 761, 763.

The trial court found that there was no evidence that Baugh was violating or attempting to violate the restrictive covenants for Robinson Heights Subdivision, and this finding is supported by the record. Its action in refusing to grant the injunction sought by plaintiffs is affirmed.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.