ARTHUR L. HILL AND WIFE, FRANCES W. HILL v. TOWN OF HILLSBOROUGH

No. 8015SC114

(Filed 2 September 1980)

1. **Municipal Corporations § 43– road built by city on plaintiffs' land – sufficiency of evidence**

    In an action to recover damages for the continuing trespass of defendant town there was sufficient competent evidence to support the trial court's

Hill v. Town of Hillsborough

finding that defendant's road and utility lines were on plaintiffs' property where the evidence tended to show that plaintiffs' surveyors established plaintiffs' property lines by physical survey, and their survey showed the location of defendant's road and utility lines on plaintiffs' property.

2. **Estoppel § 4.3– landowner mistakenly pointing out boundaries – no reasonable reliance on representation – equitable estoppel inapplicable**

In an action to recover damages for the continuing trespass of defendant town which allegedly constructed a road across plaintiffs' property, the fact that one plaintiff had mistakenly pointed out to defendant's agents where he believed the corners of his property line to be did not entitle defendant to judgment in its favor on the theory of equitable estoppel, since it was not reasonable for defendant to rely on the casual, informal opinion of the property owner as to the actual boundaries of the property when defendant had employed professional surveyors capable of determining this information for themselves.

3. **Municipal Corporations § 43– road built on plaintiffs' land – evidence of value**

In a continuing trespass case testimony by plaintiffs' expert appraisal witness that, in her opinion, their land was worth $6,000-$10,000 before a road was built and $100-$300 after the road was built was sufficient to support the trial court's findings of fact with respect to the value of the property.

APPEAL by defendant from *Battle, Judge.* Judgment entered 31 October 1979 in Superior Court, ORANGE County. Heard in the Court of Appeals 6 June 1980.

This action was commenced by the plaintiff landowners for damages for the continuing trespass of the defendant town. Plaintiffs alleged in their complaint that they were the owners in fee of a certain parcel of land in Orange County and that during 1974, the defendant took possession of a portion of this parcel, constructing a roadway from the southwest corner of the property to the northeast corner and placing power and sewer lines along the road. Defendant admitted construction of the road and utility lines, but denied that it had encroached on plaintiffs' land. The town further defended on grounds that prior to the construction of the road and utility lines, plaintiff Arthur Hill had shown to defendant's engineers the location of a corner in his property line and indicated to them where his property line was, and that defendant's construction did not encroach upon plaintiffs' property. Defendant alleged that plaintiffs' action was barred under the doctrine of equitable estoppel. The action was heard before Judge Battle in the absence of a jury.

At trial, plaintiff Arthur Hill testified that he and his wife were the owners of lot number 12 in the Whitfield Farm Subdivision, that in 1974 defendant constructed a road and water and electrical lines across lot number 12, and that neither he nor his wife had given permission for said construction. It was stipulated that plaintiffs had received no compensation from defendant for any easement in the vicinity of plaintiffs' property.

George C. Love, Jr., testified for plaintiff that he was a registered land surveyor, that he had examined a plat of lot number 12 made by Kenneth J. Sinclair, a registered land surveyor employed by him, and that he had gone upon the land with Sinclair to verify the property lines shown on Sinclair's plat. Sinclair, testifying for plaintiff, stated that he had surveyed lot number 12 and prepared a plat showing the results of his survey. Defendant's road crossed lot number 12. Elsie C. Smith, a local realtor, testified for plaintiffs as to the value of plaintiffs' property before and after the road was built.

Defendant offered the testimony of William Thomas Hott, James W. Wilder, and John B. Pridgen, Jr. Hott testified that he was employed by the engineering firm of Rose, Pridgen, and Freeman as a survey crew party chief and that he conducted preliminary survey work in the Whitfield Farm Subdivision in an effort to locate defendant's easement. Hott stated that while the work was going on, plaintiffs informed him that he was on their property. He arranged a meeting with the plaintiff Arthur Hill and Pridgen for the purpose of having Hill show them where his property lines were. Hill met with him and Pridgen and showed them certain points on a map of the area and told them that these points were the western corners of lot number 12, and that the road was constructed parallel to the line where plaintiff Arthur Hill had indicated to them his western property line ran. Hill had told them that the road was constructed west of that line. On cross-examination, Hott testified that he surveyed the area before the road was built and that in his opinion, when the road was constructed it was not on plaintiffs' property. Hott did not know whose property the road was on.

Pridgen testified that he was a registered engineer and land surveyor, that he met with Hott and Hill at the site of

defendant's easement, and that Hill identified his western line on defendant's map of the vicinity. On cross-examination, he testified that "[w]e had very little choice but to accept what Mr. Hill said was his established line."

Wilder testified that he sold lot number 12 to the plaintiffs and that if the property line was located where plaintiffs contended, the line would go through his property. On cross-examination, Wilder testified he had not had his line run and that he did not know where his lines were. Plaintiff Arthur Hill testified on rebuttal that he "walked the property off" with Pridgen and others, but that he did not know where his line was until it was surveyed.

The trial judge entered the following pertinent findings of fact:

\* \* \*

2. The property of the plaintiffs is correctly shown on the map prepared by George C. Love, Jr. dated December 14, 1977, and introduced in this trial as Plaintiff's Exhibit #2.

3. The defendant, Town of Hillsborough, a Municipal Corporation, contracted with the firm of Rose, Pridgen and Freeman, a construction and surveying company, to assist the Town in the construction of a water reservoir and an access road leading from Highway 70-A to the water reservoir site which was to be located to the north of plaintiffs' property. Representatives of Rose, Pridgen and Freeman, acting on behalf of the Town of Hillsborough, commenced to survey the property and were surveying in the vicinity of the plaintiffs' property. A meeting was held between the plaintiff Arthur L. Hill, and representatives of the Town of Hillsborough and Rose, Pridgen and Freeman, at the site of the proposed road. At this time the plaintiff, Arthur L. Hill, pointed out what he thought were the stakes for the western line of his property. Instead of pointing out the correct stake which would have been the stake at the northwest corner of the property, the stake at the northeast corner of

the property was incorrectly identified as representing a stake in the western lines of the plaintiff[s'] property.

4. The Town of Hillsborough then caused the access road to be constructed. It was the intention of the Town of Hillsborough to construct the line along the western boundary of the plaintiffs' property and for the road not to in any way come upon plaintiffs' property. However, the access road as constructed crosses diagonally across plaintiff's [sic] property from its southwest corner to its northeast corner as shown on the plat introduced into evidence as Plaintiffs' Exhibit #2.

5. The plaintiffs at no time have executed any document of any kind granting to the defendant, Town of Hillsborough, any easement over their property.

                          *   *   *

8. That the fair market value of plaintiffs' property immediately prior to the construction of the road and the water line by the Town of Hillsborough was Six Thousand Dollars ($6,000.00). That the fair market value of the plaintiffs' property immediately after the construction of the road and the water line and the taking of the easement by the Town of Hillsborough was Five Hundred Dollars ($500.00).

9. The plaintiffs have received no compensation from the Town of Hillsborough.

Upon these findings of fact, the trial judge entered judgment for the plaintiffs. From the trial court's denial of defendant's motion for an involuntary dismissal at the close of the evidence and entry of judgment for the plaintiffs, defendant appeals.

F. Lloyd Noell for the plaintiffs.

Graham & Cheshire, by D. Michael Parker, for the defendant.

WELLS, Judge.

[1] Defendant's main arguments are that the plaintiffs' evidence failed to establish the true boundary line between the property of the parties and that upon the evidence, plaintiffs were estopped to complain of the location of defendant's road and utility lines. It is settled law that where the case is tried by the judge without a jury, the court's findings of fact have the force and effect of a jury verdict and are conclusive on appeal if there is competent evidence to support them, even though the evidence might sustain findings to the contrary. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979); *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). From the evidence it is clear that plaintiffs' surveyors established plaintiffs' property lines by physical survey, and that their survey tends to show the location of defendant's road and utility lines on plaintiffs' property. There was accordingly sufficient competent evidence to support the trial court's operative findings of fact fixing the location of defendant's road and utility lines on plaintiffs' property.

[2,3]    Defendant argues that since the trial court found that prior to the construction of the road, plaintiff Arthur Hill had mistakenly pointed out to defendant's agents where he believed the corners of his property line to be, defendant was entitled to judgment in its favor on the theory of equitable estoppel. The requirements for application of the doctrine of equitable estoppel were set forth by our Supreme Court in *Matthieu v. Gas Co.*, 269 N.C. 212, 216, 152 S.E. 2d 336, 340 (1967), quoting from *Boddie v. Bond*, 154 N.C. 359, 365-366, 70 S.E. 824, 826-827 (1911):

"In order to constitute an equitable estoppel, there must exist a false representation or concealment of material fact, with a knowledge, actual or constructive, of the truth; the other party must have been without such knowledge, or *having the means of knowledge* of the real facts, must not have been culpably negligent in informing himself; it must have been intended or expected that the representation or concealment should be acted upon, and the party asserting the estoppel must have reasonably relied on it or acted upon it to his prejudice .... It is a species of fraud which

forms the basis of the doctrine, and to prevent its consummation is its object." [Emphasis ours.]

*Accord, Yancey v. Watkins,* 2 N.C. App. 672, 163 S.E. 2d 625 (1968). From the evidence in this case it is plain that it was simply not reasonable for the defendant to rely on the casual, informal opinion of the property owner as to the actual boundaries of the property, when the defendant had employed professional surveyors capable of determining this information for themselves. The doctrine of equitable estoppel was accordingly not applicable. In its fourth assignment of error, defendant argues that the evidence does not support the trial court's findings of fact with respect to the value of plaintiffs' property taken by defendant. Plaintiffs' expert appraisal witness testified that in her opinion lot number 12 was worth between $6,000 and $10,000 before the road was put on the lot and that after the road was put on the lot, the lot could be worth between $100 and $300. We find that this evidence was clearly sufficient to support the trial court's findings of fact with respect to the value of the property.

The judgment of the trial court must be

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.