RONALD A. SEVERE AND KAREN A. SEVERE v. BECKY W. PENNY AND KATHERINE WARREN GALLOWAY

No. 8010SC204
(Filed 16 September 1980)

**Frauds, Statute of § 7; Vendor and Purchaser § 1.1– contract to convey land – production of written contract**

Parol evidence is incompetent to establish an entire contract to convey land, and summary judgment was properly entered for defendants in an action for specific performance of an alleged contract to convey land where plaintiffs were unable to produce a written contract or any written memorandum of a contract to convey signed by the parties to be charged. G.S. 22-2.

APPEAL by plaintiffs from *Canaday, Judge.* Judgment entered 27 November 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 27 August 1980.

Plaintiffs, the Severes, contend that they entered into a valid written contract with defendants, Becky Penny and Katherine Galloway, for the sale of a house and lot devised to defendants by their mother. Defendants deny the existence of any contract and assert the statute of frauds and non-delivery of the contract as defenses to plaintiffs' action for specific performance of the alleged contract.

By sworn deposition, the plaintiff Ronald Severe presented testimony tending to show that he had negotiated the sale with Ms. Penny, a resident of Raleigh, North Carolina. Ms. Galloway, Ms. Penny's sister, is a resident of Atlanta, Georgia. Severe, a licensed real estate broker, made several written offers to buy

the house and lot. Plaintiffs drew the offer in question by using a draft of a previous offer prepared by Ms. Penny's attorney. They made alterations by striking through typewritten provisions and writing in new terms. They reduced the purchase price from $67,500 to $52,500, the amount of the promissory note from $57,500 to $44,500, the amount of monthly payments from $462.67 to $358.07, and the balance due at closing from $9,000 to $7,000. In addition, they deleted the description of an adjacent lot and added a right of first refusal on that lot for $15,000. They changed the date of closing from March 1, 1979 to April 1, 1979. They added plaintiff Karen Severe's name as a grantee to be named in the deed. Then plaintiffs signed and initialed the changes on the altered document.

Ms. Penny sent the altered document to her sister, Ms. Galloway, in Atlanta for Galloway's signature. Ms. Galloway changed the amount of the monthly payment, signed the offer and returned it to Ms. Penny. Ms. Penny signed the offer in the plaintiffs' presence at her home. They then noticed that Ms. Galloway had changed the payment amount and had not initialed any of plaintiffs' prior alterations.

Ms. Galloway telephoned Ms. Penny while plaintiffs were at Ms. Penny's house. Ms. Penny informed her sister that she was returning the payment figure to the correct amount and that plaintiffs would like to send the offer back to Galloway for her to initial the changes. Ms. Penny then told plaintiffs that Ms. Galloway agreed. Plaintiffs mailed the only copy of the altered offer to Ms. Galloway. Apparently contradicting an earlier statement in his deposition, Severe stated that prior to mailing the offer, he, his wife and Ms. Penny initialed all changes. Ms. Galloway never returned the offer and Ms. Penny eventually notified plaintiffs that her sister did not find the price acceptable.

The court granted defendants' motion for summary judgment and motion to cancel notice of lis pendens and denied plaintiffs' motion for summary judgment. Plaintiffs appealed.

*Barringer, Allen and Pinnix, by John L. Pinnix, and Noel Lee Allen, for the plaintiffs-appellants.*

*Poyner, Geraghty, Hartsfield & Townsend, by David W. Long and Elaine R. Pope, for the defendants-appellees.*

MARTIN (Robert M.), Judge.

N.C. Gen. Stat. § 22-2 states that "[a]ll contracts to sell or convey any lands ... shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith ... ." 22-2 has been interpreted to prohibit parol evidence to establish such a contract. "A contract which the law requires to be in writing can be proved only by the writing itself, not as the *best* but as the *only admissible evidence of its existence.*" (Emphasis in original.) *Morrison v. Baker,* 81 N.C. 76, 80-81 (1879).

> It is settled by numerous decisions that if the contract be denied ... parol evidence is inadmissible to show the existence or terms of the agreement. (Citations omitted.) "Where the plaintiff sues upon a contract, the performance of which he seeks to enforce specifically in equity, ... he must establish the contract by legal evidence, and if it is required by the statute to be in writing, then by the writing itself, for that is the only admissible proof." (Citations omitted.) *Jamerson v. Logan,* 228 N.C. 540, 543, 46 S.E. 2d 561, 563 (1948).

The court in *Kluttz v. Allison,* 214 N.C. 379, 199 S.E. 395 (1938) held that parol evidence is incompetent to establish an essential element of an otherwise written contract to convey land. Certainly it follows that parol evidence is incompetent to establish the entire contract to convey land. Plaintiffs admit that they are unable to produce a written contract or any written memorandum of a contract to convey the property in question signed by the parties to be charged. To permit a party to establish a contract to convey land solely by parol evidence would defeat the purpose of 22-2 by opening the door to "all the mischiefs which the statute was intended to prevent." *Hall v. Misenheimer,* 137 N.C. 183, 188, 49 S.E. 104, 106 (1904). Therefore the judgment of the court below must be upheld.

Affirmed.

Judges VAUGHN and WEBB concur.