GRACE W. CURD, TRUSTEE UNDER TRUST AGREEMENTS BETWEEN THOMAS H. S. CURD, JR., GRANTOR, AND GRACE W. CURD AS TRUSTEE FOR THE BENEFIT OF GRACE CHANDLER CURD, DATED NOVEMBER 18, 1974, AND RECORDED IN DEED BOOK 565, PAGE 658, IN THE OFFICE OF THE REGISTER OF DEEDS FOR ROWAN COUNTY, NORTH CAROLINA; FOR THE BENEFIT OF THOMAS H. S. CURD, III DATED NOVEMBER 18, 1974, AND RECORDED IN DEED BOOK 565, PAGE 659, IN THE OFFICE OF THE REGISTER OF DEEDS FOR ROWAN COUNTY, NORTH CAROLINA; AND FOR THE BENEFIT OF WALTER H. S. CURD, DATED NOVEMBER 18, 1974, AND RECORDED IN DEED BOOK 565, PAGE 660, IN THE OFFICE OF THE REGISTER OF DEEDS FOR ROWAN COUNTY, NORTH CAROLINA v. JOHN ELMER WINECOFF, JR., AND WIFE, JIMMIE E. WINECOFF; CARMI L. WINECOFF AND WIFE, GERTRUDE WINECOFF; RAY E. WINECOFF AND WIFE, LORRAINE WINECOFF; LUCILLE W. WALLACE AND RONALD W. ISENHOUR

No. 8719DC535

(Filed 16 February 1988)

1. **Adverse Possession § 25.2— conclusion unsupported by sufficient findings of fact**

   In an action for adverse possession, the trial court's conclusion that plaintiff was not entitled to a certain portion of property forming a part of plaintiff's yard was not supported by sufficient findings of fact where the only finding was that plaintiff's tenant never considered such portion of the yard to be owned by plaintiff, and the finding did not specify the factual basis the trial court relied on in reaching its conclusion of law.

**2. Easements § 7.2— insufficient findings of fact**
　　The trial court's findings of fact failed to list facts from which it could be determined whether defendants' actions were sufficient to establish the essential elements of either an implied or a prescriptive easement across plaintiff's property.

APPEAL by plaintiff from *Montgomery, Judge.* Judgment entered 9 January 1987 in District Court, ROWAN County. Heard in the Court of Appeals 1 December 1987.

*Ford & Parrott, by S. Edward Parrott, attorney for plaintiff-appellant.*

*No brief for defendant-appellees.*

ORR, Judge.

Plaintiff filed suit in February 1986 to acquire title to defendants' property by adverse possession.

In her complaint, plaintiff alleged she and her predecessors in title had constructed buildings on and fenced in 3.276 acres owned by defendants lying east of a line between points 187 and 273 as shown on a map introduced at trial. Plaintiff further alleged that the use of this property had been open, notorious, hostile, adverse and continuous for more than twenty years. Defendants denied plaintiff's material allegations and counterclaimed for a permanent easement over plaintiff's roadway for access to their property.

After hearing the evidence without a jury, the trial court made findings of fact and conclusions of law. Based upon these findings and conclusions, the trial court awarded plaintiff (1) title to defendants' land west of the line lying between points 49 and 273 and (2) a permanent easement over a private roadway constructed by plaintiff on defendants' property. The trial court awarded defendants a permanent easement over a roadway on plaintiff's property.

From this judgment, plaintiff appeals.

Plaintiff contends on appeal that the trial court's findings of fact are insufficient to support two of its conclusions of law.

G.S. § 1A-1, Rule 52(a)(1) of the Rules of Civil Procedure requires a trial judge hearing a case without a jury to make

findings of fact and conclusions of law. To comport with Rule 52(a)(1), the trial court must make 'a specific statement of the facts on which the rights of the parties are to be determined, and those findings must be sufficiently specific to enable an appellate court to review the decision and test the correctness of the judgment.' *Quick v. Quick,* 305 N.C. 446, 290 S.E. 2d 653 (1982) (citation omitted). Rule 52(a)(1) does not require recitation of evidentiary facts, but it does require specific findings on the ultimate facts established by the evidence, admissions and stipulations which are determinative of the questions involved in the action and essential to support the conclusions of law reached.

*Chemical Realty Corp. v. Home Fed'l Savings & Loan,* 65 N.C. App. 242, 249, 310 S.E. 2d 33, 37 (1983), *disc. rev. denied,* 310 N.C. 624, 315 S.E. 2d 689, *cert. denied,* 469 U.S. 835, 83 L.Ed. 2d 69 (1984) (citations omitted).

When the conclusions of law are unsupported by determinative facts, the case must be remanded to the trial court for further findings. *Bank v. Insurance Co.,* 265 N.C. 86, 143 S.E. 2d 270 (1965); *Mills, Inc. v. Transit Co.,* 265 N.C. 61, 143 S.E. 2d 235 (1965).

I.

[1] First plaintiff challenges Conclusion of Law No. 3, which addresses her claim for adverse possession and concludes:

The Plaintiff is not entitled to any portion of the property lying to the east of the line between points 49 and 273 by adverse possession.

To support this conclusion the trial court's findings must find as a fact that plaintiff failed to establish one or more of the essential elements necessary for the adverse possession of this specific piece of property.

To acquire title to land through adverse possession, plaintiff must show actual, open, hostile, exclusive, and continuous possession of the land claimed for twenty years under known and visible lines and boundaries. *Board of Education v. Lamm,* 276 N.C. 487, 173 S.E. 2d 281 (1970); *Scott v. Lewis,* 246 N.C. 298, 98 S.E. 2d 294

(1957); *Casstevens v. Casstevens*, 63 N.C. App. 169, 304 S.E. 2d 623 (1983); N.C.G.S. § 1-40 (1983).

The trial court's Finding of Fact No. 6 discusses the contested property forming part of plaintiff's yard, lying east of points 273 and 49 and finds:

> A certain portion of the yard which has been used and maintained by the Plaintiff extends to the east of the line between points 273 and 49; that Plaintiff's tenant, Albert Morgan testified that he never considered such portion as owned by Plaintiffs.

This finding does not specify what factual basis the trial court relied on in reaching its Conclusion of Law No. 3.

Accordingly, we conclude the trial court's findings were insufficient to support Conclusion of Law No. 3.

## II.

[2] Next plaintiff challenges Conclusion of Law No. 4, which addresses defendants' claim for an easement across plaintiff's property and concludes:

> The Defendants are entitled to a permanent easement and right of way across Plaintiff's property, in the exact location as evidence upon the ground will show the use of said roadway, to be determined by a later survey, if desired.

Defendants, in the case *sub judice*, may acquire an easement over plaintiff's property either by implication or by prescription.

> An easement [by implication] is generally established by proof: (1) that there was common ownership of the dominant and servient parcels and a transfer which separates that ownership; (2) that, before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous and permanent; and (3) that the claimed easement is 'necessary' to the use and enjoyment of the claimant's land.

*Knott v. Washington Housing Authority*, 70 N.C. App. 95, 98, 318 S.E. 2d 861, 863 (1984); *Dorman v. Ranch, Inc.*, 6 N.C. App. 497, 170 S.E. 2d 509 (1969).

"[A]n 'easement from prior use' may be implied 'to protect
the probable expectations of the grantor and grantee that an ex-
isting use of part of the land would continue after the transfer.'"
*Knott v. Washington Housing Authority*, 70 N.C. App. at 97-98,
318 S.E. 2d at 863, quoting P. Glenn, *Implied Easements in the
North Carolina Courts: An Essay on the Meaning of "Necessary,"*
58 N.C.L. Rev. 223, 224 (1980).

An easement by prescription is created by adverse posses-
sion. To establish one, defendants must prove: (1) that their use of
the roadway was adverse, hostile or under claim of right; (2) that
this use was open and notorious such that plaintiff had notice of
the claim; (3) that this use has been continuous and uninterrupted
for a period of at least twenty years; and (4) that there was
substantial identity of the easement claimed throughout the
twenty year period. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d
285 (1981); *Dickinson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974).

Furthermore, defendants must rebut the presumption that
their use of the road was made with the plaintiff's permission,
since a permissive use of a roadway can never ripen into a pre-
scriptive easement. *Id.*

To support Conclusion of Law No. 4, the trial court's findings
of fact must show that defendants fulfilled all the requirements
necessary to establish an easement under either theory. *Aetna
Casualty and Surety Co. v. Younts*, 84 N.C. App. 399, 352 S.E. 2d
850, *disc. rev. denied*, 319 N.C. 671, 356 S.E. 2d 774 (1987); *Mills,
Inc. v. Transit Co.*, 265 N.C. 61, 143 S.E. 2d 235.

The only finding made by the trial court on defendants' claim
for an easement, said:

> Although there are other properties which adjoin the
> property of the Defendants, the Defendant, J. E. Winecoff,
> testified that they have used a State maintained road over
> the last 30 or more years for access to a point within the
> Plaintiff's property and that their only access from the end of
> said State road to their property has been over a former log-
> ging road, which still appears on the ground as a driveway
> and which runs from said public road to the western bound-
> ary of the Defendant's property, at a point south of the house
> and outbuildings maintained by the Plaintiff's tenant farm

manager, Albert Morgan, as shown upon the survey map of James T. Hill.

This statement fails to list facts from which we can determine whether defendants' actions were sufficient to establish the essential elements of either an implied or a prescriptive easement.

Consequently, we find Conclusion of Law No. 4 unsupported by the trial court's findings of fact.

For the above reasons, we vacate the portion of the trial court's order holding that plaintiff did not adversely possess the land lying east of the line between points 49 and 273 and that defendants were entitled to a permanent easement over plaintiff's property. We remand these two issues to the trial court for further findings of fact in accordance with this opinion.

Vacated and remanded.

Judges ARNOLD and JOHNSON concur.