DAVID A. TEDDER AND WIFE, AMY L. TEDDER, AND A & D ENVIRONMENTAL AND INDUSTRIAL SERVICES, INC., PLAINTIFFS-APPELLANTS v. EDGAR V. ALFORD AND WIFE, NANCY W. ALFORD AND ROSS P. ALFORD AND WIFE, APRIL H. ALFORD, AND ALFORD TRUCK LEASING, INC., (SUCCESSOR BY MERGER TO ALFORD FURNITURE CARRIERS, INC.), AND GLENOLA FENCE COMPANY, DEFENDANTS-APPELLEES

No. COA97-2

(Filed 2 December 1997)

**1. Easements § 9 (NCI4th)— creation of easement— standard language in warranty deed—insufficient**

Summary judgment was properly granted for defendants in an action for an injunction arising from a proposed fence on the issue of whether an express easement existed in plaintiffs' favor and whether plaintiffs were entitled to specific performance where plaintiffs purchased a portion of defendants' commercial property; plaintiffs added improvements to the rear of their building as their business grew and heavy equipment used by them and their customers began to drive onto defendants' adjoining property to get to the rear of the building; defendants had things stolen as a result of plaintiffs' employees leaving open the gate of a fence around both properties; and defendants eventually hired a company to erect a fence along the line between the two properties. Although plaintiffs contend that the language of the deed regarding "all privileges and appurtenances thereto belonging" includes easements, that language is no more than the standard language found in most warranty deeds and does not by itself serve as a recording of an agreement to convey an easement or right-of-way to the plaintiffs. Likewise, language at the end of the deed which provides that the conveyance is subject to all rights of way, easements and restrictions of record is also insufficient. Plaintiffs did not meet their burden of proof under the statute of

frauds because the deed contains no record of an agreement between the parties to convey an easement to plaintiffs.

**2. Easements § 23 (NCI4th)— easement by implication— necessity of use**

The trial court did not err in an action for an injunction arising from a proposed fence by granting a directed verdict for defendants on the issue of whether an easement by implication existed where plaintiffs had purchased a portion of defendants' commercial property, plaintiffs' expanding business resulted in their equipment being driven onto defendants' property and other problems, and defendants proposed a fence between the two properties. A plaintiff seeking an easement by implication must prove, among other elements, that the owner used one part of the tract for the benefit of the other part before the transfer and that this use was apparent, continuous and permanent. The transcript in this case reveals no evidence upon which a reasonable jury could have concluded that there was any "prior use."

**3. Easements § 27 (NCI4th)— easement by necessity—sufficiency of evidence**

The trial court did not err in an action arising from a proposed fence by granting a directed verdict on the issue of easement by necessity where plaintiffs had purchased a portion of defendants' commercial property, plaintiffs' expanding business resulted in their equipment being driven onto defendants' property and other problems, and defendant hired a company to erect a fence between the two properties. The record reveals that plaintiffs' trucks had direct access to their property from two public roads and it could not reasonably be concluded that plaintiffs had no access to their land except over the land of defendants, thereby necessitating a right-of-way across defendants' property. Furthermore, the record fails to show that the defendants intended for plaintiffs to have a continued right of access across their property because the "need" to turn plaintiffs' trucks around on defendants' property did not arise until after the tract had been deeded to plaintiffs by defendants and after plaintiffs had constructed an addition to their building.

**4. Nuisance § 4 (NCI4th)— spite fence—insufficient evidence**

The trial court did not err by directing a verdict against plaintiffs in an action for an injunction arising from a proposed fence on the issue of whether the fence was a "spite fence" where there

was no evidence that the plan to put up a fence was solely moti-
vated by a malicious desire to harm or harass plaintiffs. The evi-
dence at best showed that defendants were displeased with the
fact that plaintiffs were unwilling to buy their property at their
desired price and that plaintiffs had stopped using their truck
repair service, but there was no evidence to support the conclu-
sion that this displeasure was what dictated the decision to erect
a fence and there was evidence to support the conclusion that the
decision stemmed from their desire to further secure their prop-
erty. Moreover, the proposed fence is a standard chain link fence
which lets in both light and air and is virtually identical to a fence
already surrounding the entire outer premises of defendants'
property and virtually identical to a fence plaintiffs erected.

5. **Injunctions § 43 (NCI4th)— injunction denied—bond
   awarded—insufficient evidence**

   The trial court erred by awarding defendants the bond posted
   by plaintiffs under N.C.G.S. § 1A-1, Rule 65(e) without having
   before it evidence that defendants had incurred any costs or dam-
   ages arising from the injunction.

Appeal by plaintiffs from judgment entered 11 September 1996 by
Judge Russell G. Walker, Jr. in Randolph County Superior Court.
Heard in the Court of Appeals on 28 August 1997.

*Max D. Ballinger, for plaintiffs-appellants.*

*Hammond & Hammond, by L.T. Hammond, Jr., for defendants.*

WYNN, Judge.

After conveying property to David and Amy Tedder, a dispute
arose as to whether Edgar and Nancy Alford had further conveyed an
easement over the adjoining property for use by the Tedders. Because
the deed did not meet the requirements of the Statute of Frauds in
conveying an easement, the evidence was insufficient to show that an
easement by implication and necessity existed; and, because the evi-
dence was also insufficient to show that the Alfords put up a "spite
fence" between the properties, we affirm the judgment of the trial
court in the Alfords' favor.

This action involves a tract of land located on Uwharrie Road in
Randolph County. Originally part of a larger track of land owned by
the Alfords, the proprietors of a trucking business, the tract was sold

**TEDDER v. ALFORD**

[128 N.C. App. 27 (1997)]

and conveyed by warranty deed from the Alfords to the Tedders on July 12, 1993. The Tedders purchased the land to operate their environmental and industrial services business.

At the time of the conveyance, a chain link fence enclosed the entire outer perimeter of both the tract of land sold to the Tedders and the portion of the property retained by the Alfords. Additionally, a gate in front of the Tedders' tract of land separated the land from Uwharrie Road. And, between two buildings located on opposite sides of the Alfords' property, a "commons area" served as a parking area for the trucks used in the Alfords' business.

Sometime after the conveyance, the Tedders added improvements onto the rear of their original building in order to accommodate their growing business. As their business grew, however, heavy equipment used by the Tedders and their customers began to drive onto the Alfords' adjoining property in order to get to the back of the Tedders' building. Also, on several occasions, the Alfords had some of their trucks and other items stolen as a result of the Tedders' gate being left open by their employees.

Around July of 1993, David Tedder approached the Alfords about purchasing the Alfords' remaining property. However, the resulting negotiations broke down after the Alfords indicated that they would not be interested in selling their remaining property for less than $250,000.

Thereafter, the Tedders decided to resolve their space problems by relocating the fence in the front of their property to the back of their property. In connection with that work, the Tedders had a gully filled, some swamp area drained, and a gate placed in the fence.

In October of 1995, the Alfords hired Glenola Fence Company to erect a chain link fence along the property line between the parties' property. Upon learning of the Alfords' plans to erect the fence, the Tedders brought this action to enjoin the Alfords from erecting the fence and from denying them access to the commons area and use of the gate.

On January 2, 1996, the Honorable W. Steven Allen, Sr. granted partial summary judgment in favor of the Alfords on the issue of whether an express easement existed in favor of the Tedders and whether the Tedders were entitled to specific performance of an express contract. The remaining matters were tried before the Honorable Russell G. Walker, Jr. in Superior Court of Randolph

TEDDER v. ALFORD

[128 N.C. App. 27 (1997)]

County. At the close of the Tedders' evidence, Judge Walker granted the Alfords' motion for a directed verdict upon all remaining issues, including the Tedders claim that they were entitled to an easement by way of implication or necessity, and awarded the Alfords the $1,500.00 bond posted by the Tedders. The Tedders subsequently filed this appeal.

## I.

[1] The Tedders first argue that an issue of fact existed because the subject deed expressly conveyed to them the right to use the gate and commons area on the Alfords' property and that there was other evidence before the court from which a reasonable jury could have concluded that an express easement or right-of-way existed in their favor. We disagree.

A defending party is entitled to summary judgment if it can establish that no claim for relief exists or that the claimant cannot overcome an affirmative defense.[1] Here, the Alfords affirmatively plead noncompliance with the Statute of Frauds contending the deed executed between the parties did not memorialize an agreement to convey an easement to the Tedders.

The North Carolina Statute of Frauds provides in pertinent part:

All contracts to sell or convey any lands, tenements or hereditaments, or any interest in or concerning them . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith . . . [2]

As an interest in land, an easement is subject to the statute of frauds.[3] Thus, North Carolina law requires that a contract or deed purporting to convey an easement be in writing and that the contents of that writing be proven only by the writing itself, not as the best but as the only admissible evidence of its existence.[4] The burden of proving that a sufficient writing exists memorializing the conveyance of the easement is on the party claiming its existence.[5]

---

1. *Wilder v. Hobson,* 101 N.C. App. 199, 201, 398 S.E.2d 625, 627 (1990).

2. N.C. Gen. Stat. § 22-2 (1986).

3. *Prentice v. Roberts,* 32 N.C. App. 379, 383, 232 S.E.2d 286, 288 (1977) (citing *Borders v. Yarbrough,* 237 N.C. 540, 75 S.E.2d 541 (1953); and *Gruber v. Eubank,* 197 N.C. 290, 148 S.E.2d 246 (1929)).

4. *See Severe v. Penny,* 48 N.C. App. 730, 732, 269 S.E.2d 760, 761 (1980).

5. *See Elliot v. Owen,* 244 N.C. 685, 44 S.E.2d 833 (1956).

TEDDER v. ALFORD

[128 N.C. App. 27 (1997)]

Our review of the evidence in the light most favorable to the Tedders reveals that the Tedders did not meet their burden under the statute of frauds. The subject deed contains no record of an agreement between the parties to convey an easement to the Tedders. Nonetheless, the Tedders argue that under the language of the deed, the Alfords conveyed to them "all privileges and appurtenances thereto belonging," which includes easements. However, that language is no more than the standard language found in most warranty deeds conveying title to land and does not, by itself, serve as a recording of an agreement to convey an easement or right-of-way to the Tedders. Likewise, language at the end of the deed which provides that "[t]his conveyance is made subject to all applicable rights of way, easements and restrictions <u>of record</u>, if any" is also insufficient to support the Tedders contention that an easement was conveyed to them in the deed (emphasis added). That language only makes the conveyed property subject to easements and rights-of-way recorded in the deed itself. Again, we have found no such recording in the deed. There being nothing in the deed evidencing the existence of an easement in this case, we find this issue to be without merit.

## II.

The Tedders next argue that the trial court erred by granting a directed verdict because the evidence presented by them at trial was sufficient to permit them to get to the jury on the issue of whether an easement by implication and necessity existed, and on the issue of whether the fence the Alfords planned to erect was a "spite fence." We disagree.

### A.  Easement by Implication

[2] For the Tedders to withstand the grant of directed verdict on the issue of whether an easement by implication existed, there must be more than a scintilla of evidence to support each element of the Tedders' claim.[6] To establish an easement by implication, a plaintiff must prove that:

(1) there was a common ownership of the dominant and servient parcels and a transfer which separates that ownership;

(2) before the transfer, the owner used part of the tract for the benefit of the other part, and that this use was apparent, continuous and permanent; and

---

6. *See Rice v. Wood*, 82 N.C. App. 318, 346 S.E.2d 205, *cert. denied*, 318 N.C. 417, 349 S.E.2d 599 (1986).

TEDDER v. ALFORD

[128 N.C. App. 27 (1997)]

(3) the claimed easement is 'necessary' to the use and enjoyment of the claimant's land.[7]

Once these elements are established, "[a]n 'easement from prior use' may be implied to 'protect the probable expectations of the grantor and the grantee that an existing use of part of the land would continue after the transfer.' "[8]

In the instant case, our review of the trial transcript has revealed not a scintilla of evidence upon which a reasonable jury could have concluded that there was any "prior use" of the Tedders' land as a business. No evidence in the trial record supports a finding that the Tedders used the land deeded to them in any manner *before* title to it was actually separated. Therefore, the trial court correctly directed verdict in favor of the Alfords on the issue of whether an implied easement existed from the Tedders' prior use.

### B. Easement by Necessity

[3] Even if their evidence was insufficient to withstand a directed verdict as to their claim of an easement arising by implication, the Tedders claim that they are, nonetheless, entitled to have a jury consider whether they are entitled to access to the Alfords' property by way of an easement arising out of necessity. They contend that evidence presented by them at trial showed that their trucks had no access to their building from the commons area side of their property, and that there was an increased danger to vehicles and persons attempting to enter and leave their property from the gated side of their property.

This court most recently defined an easement of necessity as a right-of-way which arises by implication, in favor of a grantee "who has no access to their land except over other lands owned by the grantor or a stranger."[9] To establish the right to use a way of necessity it is not required, however, that the grantee show absolute necessity.[10] It is sufficient that he show such physical conditions

---

7. *Curd v. Winecoff*, 88 N.C. App. 720, 723, 364 S.E.2d 730, 732 (1988) (quoting *Knott v. Washington Housing Authority*, 70 N.C. App. 95, 98, 318 S.E.2d 861, 863 (1984)).

8. *Id.* (quoting *Knott*, 70 N.C. App. at 97-98, 318 S.E.2d at 863; and P. Glen, *Implied Easements in the North Carolina Courts: An Essay on the Meaning of "Necessary,"* 58 N.C.L. Rev. 223, 224 (1980)).

9. *Cieszko v. Clark*, 92 N.C. App. 290, 295, 374 S.E.2d 456, 459 (1980).

10. *Oliver v. Ernul*, 277 N.C. 591, 599, 178 S.E.2d 393, 397 (1971) (citing *Smith v. Moore*, 254 N.C. 186, 118 S.E.2d 436 (1961)).

and such uses as would reasonably lead one to believe that the grantor intended him to have the right of access at the time of the conveyance.[11]

In light of the foregoing principles, we find that the evidence presented by the Tedders at trial was insufficient to support their claim that a way of necessity existed in their favor across the Alfords' property. Regardless of the Tedders' evidence that they had no access to the commons area side of their building and that it was more dangerous for their vehicles to drive across their property than it was for them to drive across the Alfords' property, the record reveals that the Tedders' trucks had direct access to their property from two public roads—through their own gates and entries on Uwharrie Road and Circle Drive. The Tedders presented no evidence to the contrary, nor did they present evidence that their trucks would cease to have that access unless they were permitted to drive across the Alfords' property. Under these circumstances, it cannot reasonably be concluded that the Tedders had no access to their land except over the land of the Alfords, thereby necessitating a right-of-way across the Alfords' property.

Furthermore, the record fails to show that the Alfords' *intended* for the Tedders to have a continued right of access across their property. The evidence showed that the Tedders "need" to turn their trucks around onto the Alfords' property did not arise until after the Tedders constructed the addition to their building. Moreover, and the Tedders use of the Alfords' property as a turnaround for their trucks did not begin until well after the Tedders' original tract had been deeded to them by the Alfords. As such, it cannot be reasonably assumed that the Alfords, at the time they conveyed their property to the Tedders, intended for the Tedders to use their property as a turn around for their trucks. We accordingly hold that the trial court did not err in directing verdict against the Tedders on the issue of the Tedders' right-of-access across defendant's property by way of an easement of necessity.

### C. Spite Fence

[4] In assessing the Tedders' argument that there was sufficient evidence presented by them at trial regarding the Alfords' plans to erect an alleged "spite fence," we are guided by our Supreme Court's decision in *Barger v. Barringer.*[12] *Barger* involved a case in which the

11. *Id.*

12. 151 N.C. 419, 66 S.E. 439 (1909).

defendant, for no other purpose except spite, erected a solid fence over 8 feet high which shut out the light, air and view from the plaintiff's home. In deciding that the defendant could not maintain such a fence, the court explained that owners of lands could not erect such improvements as they saw fit if those improvements were made out of spite.[13] The court concluded that a fence was considered an improvement made out of spite if that fence caused the plaintiff harm for no good reason and there was no useful purpose for that improvement other than defendant's malice.[14]

In the instant case, there was no evidence presented by the Tedders which tended to show that the Alfords' plan to put up a fence on their property was solely motivated by a malicious desire to harm or harass the Tedders. At best, the Tedders' evidence showed that the Alfords were displeased with the fact that the Tedders were unwilling to buy their property at their desired price, and that the Tedders had stopped using their truck repair service. There was no evidence to support the conclusion that this displeasure was what dictated the Alfords' decision to erect a fence on their property. To the contrary, the evidence in the record supports the conclusion that the Alfords' decision to erect the fence stemmed from their desire to further secure their property and business.

We also find it pertinent that unlike the fence in *Barger*, the fence which the Alfords proposed to erect is a standard chain link fence which lets in both light and air. Furthermore, the fence proposed by the Alfords is virtually identical to the fence already surrounding the entire outer premises of the Alfords' property, and is also virtually identical to the fence that the Tedders themselves erected. Given these circumstances, and the fact that the Tedders brought forth no evidence which could raise the inference that the erecting of the proposed fence served no useful purpose other than the Alfords' malice, we hold that the trial court committed no error in directing verdict against the Tedders regarding the issue of the Alfords' proposed fence.

### III.

[5] By their third assignment of error, the Tedders contend that the trial court erred when it awarded the Alfords, under Rule 65(e) of the North Carolina Rules of Civil Procedure, the bond posted by the Tedders. With this contention, we agree.

---

13. *Id.* at 424, 66 S.E. at 441.

14. *Id.* at 424-26, 66 S.E. 441-42.

**TEDDER v. ALFORD**

[128 N.C. App. 27 (1997)]

Rule 65(e) of the North Carolina Rules of Civil Procedure provides in pertinent part:

> An order or judgment dissolving an injunction or restraining order may include an award of damages against the party procuring the injunction and the sureties on his undertaking without a showing of malice or want of probable cause in procuring the injunction. The damages may be determined by the judge, or he may direct that they be determined by a referee or jury.

This rule authorizes a trial court at the conclusion of a case, to order the payment of the bond posted by the party which initially sought to procure the injunction. However, a trial court cannot enter such an order without first determining for itself, or by way of a referee or jury, the damages incurred by the party against whom the injunction was initially entered. The fact that the party against which the injunction was entered prevails at trial, does not, by itself, entitle it to the posted bond. The prevailing party must have also suffered damages as a result of the injunction.

Here, the trial court awarded the bond to the Alfords without having before it any evidence that the Alfords had incurred any costs or damages arising from the injunction. Therefore, the trial court erred when it awarded the Alfords the bond posted by the Tedders.

Finally, we have carefully reviewed the Alfords' final assignment of error regarding certain evidentiary rulings by the trial court, and find it to be unpersuasive. We also find it unnecessary to discuss the Alfords' assignment of error regarding the trial court's refusal to allow them to amend their complaint since we have discerned no error in the trial court' rulings which would merit the granting of a new trial to the Alfords.

Accordingly, the rulings of the trial court are

Affirmed in part, and reversed in part.

Judges GREENE and MARTIN, Mark D., concur.