HAYWOOD RODGERSON, JR. AND WIFE, JACKIE RODGERSON; EL-
BERT R. WOOLARD AND WIFE, LYNN WOOLARD; JIMMY
SPAIN AND WIFE, COLLEEN SPAIN; SAM WOOLARD AND WIFE,
BOBBIE WOOLARD; WILLIAM E. WOOLARD; OTTIS B. WOOL-
ARD; HAROLD E. WOOLARD; MOYE T. LATHAM; ALVA W.
DOUGLAS; JOSEPH D. MILLS; VERNA A. WOOLARD; DORO-
THY R. WOOLARD; MONNIA S. WOOLARD v. ROBERT L. DA-
VIS AND WIFE, HELEN P. DAVIS; WILLIAM THOMAS WOOLARD
·AND WIFE, ELIZABETH P. WOOLARD; HAROLD ALTON LANE
AND WIFE, LOUISE S. LANE; HAROLD ALTON LANE, JR. AND
WIFE, BETTY S. LANE; WILLIAM F. LITCHFIELD AND WIFE,
PATTY G. LITCHFIELD; ROBERT G. MASON AND WIFE, GEOR-
GIA A. MASON

No. 752DC387

(Filed 15 October 1975)

1. Rules of Civil Procedure § 56— summary judgment — findings of fact

    In ruling on a motion for summary judgment, the trial judge
    does not make findings of fact, which are decisions upon conflicting
    evidence, but he may properly list the uncontroverted material facts
    which are the basis of his conclusions of law and judgment.

2. Deeds § 20— restrictive covenants — agreement by non-owner of land
    — incorporation in deeds

    Although an agreement relating to restrictive covenants for
    a subdivision was made and recorded by a corporation which never
    acquired any interest in the subdivision, the restrictive covenants
    were · valid and binding on the owners of lots in the subdivision
    where the deeds to all lot owners incorporated by reference the re-
    strictions imposed by the recorded agreement.

3. Deeds § 20— restrictive covenant — single unit family residence —
    construction of duplexes

    Restrictive covenant prohibiting the. construction of "more than
    one single unit family residence" on lots in a subdivision precludes
    the construction of duplexes in the subdivision.

4. Deeds § 20— set-back restrictions — waiver

    Both plaintiffs and defendants have violated a subdivision re-
    strictive covenant requiring the construction of buildings "not less
    than 40 or more than 60 feet from the front property line" where
    plaintiffs' residences are located more than 60 feet from the front
    property line and structures of defendants are located less than 40
    feet from the front property line; therefore, both plaintiffs and
    defendants have waived the set-back restriction, and the trial court
    properly refused to interfere to prevent its violation.

APPEAL by defendants, Robert L. Davis and wife, Helen P.
Davis, and plaintiffs from *Ward, Judge.* Judgment entered 18

March 1975, in District Court, BEAUFORT County. Heard in the Court of Appeals 3 September 1975.

Both plaintiffs and defendants made motions for summary judgment which were supported by affidavits and by the testimony of several witnesses at the hearing on the motions. The following uncontradicted facts were established:

1. Prior to 13 March 1965, the Woolard heirs owned a tract of land, containing about 28 acres in Beaufort County. By instrument of that date, duly recorded, they granted to four of the Woolards the power of attorney to subdivide the tract and sell it in whole or in part.

2. By an "Option and Agreement" recorded 12 September 1967 in Book 618, Page 71, the attorneys-in-fact granted to Edward Copeland and Robert Whitley an option to purchase the tract and to subdivide the same, subject to the conditions that the subdivision map be submitted to the Woolards for approval before recording and that "appropriate" restrictions be imposed, including a restriction that "only one building, a one-family residence, shall be constructed on any lot."

3. Through an instrument entitled "Declaration of Building Restrictions, Terms, Covenants, and Agreements" recorded 31 October 1967, a corporation named Copeland and Whitley, Incorporated, declared that certain restrictive covenants were to be applicable to all lots in Swan Acres Subdivision, referred to the aforesaid option agreement, and recited that a survey map entitled "Swan Acres" had been made and would be recorded.

4. Apparently, Copeland and Whitley formed Copeland and Whitley, Incorporated, for the development of "Swan Acres," but they never transferred any rights under the purchase option to the corporation, and neither did they nor the corporation ever become the record owners of the subdivision tract or any part thereof.

5. The restriction agreement referred to in paragraph 3 above contained in pertinent part the following:

"1. That grantee or grantees shall not build, construct, or cause to be built or constructed on any lot more than one *single unit family residence*. . . .

2. That said residence shall be constructed not less than forty or more than sixty feet from the front property

line and not less than fifteen feet from the side property lines; (a) that said property shall not be used in whole or in part for commercial purposes; . . . "

6. On 3 November 1966, a map entitled "Map of 'Swan Acres' Development" was duly recorded. The only identifying information on the map is the title, the survey date of 18 September 1967, and the surveyor's name.

7. By instrument recorded on 22 October 1969, Edward Copeland and Robert Whitley released and surrendered all rights and interests in the subdivision to the Woolard heirs.

8. The Woolard heirs, through their attorneys-in-fact, made their first deed for a lot in "Swan Acres" on 24 March 1969, and the deed recited that the lot was "subject to all the terms, restrictions and covenants as are fully set forth in that certain instrument of record . . . in Book 618, Page 71, and by this reference . . . are made a part of this conveyance."

9. Thereafter deeds for lots in "Swan Acres" were made to the plaintiffs herein and others, and all of these deeds contained a provision, similar to that quoted above, subjecting the property conveyed to the restrictions contained in the agreement recorded in Book 618, Page 71. The deed to the defendants, dated 31 July 1972, and duly recorded, for eight lots contained a similar provision. In December 1972, the defendants conveyed three of the eight lots and this deed contained the same reference to the recorded restriction agreement.

10. On their lots in "Swan Acres" three of the plaintiffs constructed dwellings, which were located more than 60 feet from the front property lines.

11. In February 1973, the defendants began construction of two duplex buildings on two of their lots. One was located 17 feet from the front line and the other 15 feet from the front line. By March 1973, when construction was halted, they had expended $16,000 for one duplex and $4,000 on the other.

On 27 March 1973, the plaintiffs Haywood Rodgerson, Elbert Woolard, Sam Woolard, and Jimmy Ray Spain and their wives brought this action against the defendants seeking an injunction to restrain them from further construction of the duplexes and for removal of the same for that the defendants violated both the set-back and single unit restriction. A tempo-

rary order restraining construction and later a preliminary injunction were entered by the District Court.

The defendants answered and denied the validity of the restriction agreement, denied that they were violating the covenants therein, and counterclaimed for an injunction requiring that the plaintiffs comply with the restriction that houses must be built within 60 feet of the front property line. Upon motion of the defendants, the other property owners of "Swan Acres" were made parties to the action.

After the hearing on plaintiffs' and defendants' motions for summary judgment, the District Court entered judgment finding facts substantially as set out above, concluding that the restriction agreement made by Copeland and Whitley, Incorporated, and recorded in Book 618, Page 71, was accepted and adopted by the developer-owners, and since it was incorporated by reference in every deed for lots in "Swan Acres" the grantee-owners accepted the restriction provision. The court then concluded as follows:

"9. The remedy of mandatory injunction should be confined to those cases where irreparable damage is apparent and where all parties seeking such relief are guilty of no laches or negligent acts of omission or commission, and to mandatorily require the plaintiffs Elbert R. Woolard, et ux, Sam T. Woolard, et ux, and Jimmy Spain, et ux, to conform their residences to the set-back requirements set forth in the aforementioned restrictive covenants would result in undue hardship upon said plaintiffs and an inequity for that: (a) the defendants Davis are in violation of said covenants in several particulars as aforesaid; (b) the set-back violations of said plaintiffs do not materially affect the character of or plan for the 'Swan Acres' subdivision; (c) the residents of the aforementioned original plaintiffs are complete and have been in use for a substantial period of time.

10. That the remedy of mandatory injunction or to prohibit Defendants Davis from making any use whatsoever of the said incompleted structures commenced by them, would result in undue hardship upon said defendants an inequity, for that: (a) the original plaintiffs Elbert R. Woolard, et ux, Jimmy Spain, et ux, and Sam Woolard, et ux, have violated the provisions of said re-

Rodgerson v. Davis

strictive covenants as set out above; (b) none of the additional party plaintiffs objected to any violations of the defendants or the original plaintiffs prior to having been made parties to this action; (c) said structures are a considerable distance from the property owned by the original plaintiffs; (d) this remedy should be confined to those cases where irreparable damage is apparent and where all parties seeking such relief are guilty of no laches or negligent acts of omission or commission.

11. That the Restrictive Covenants recorded in Book 618, page 71, Beaufort County Registry, are valid and binding upon all lots located within said subdivision except as modified by this Judgment, and may be enforced as therein provided.

UPON THE FOREGOING Findings of Fact and Conclusions of Law, it is

### ORDERED, ADJUDGED AND DECREED

That the defendants Robert L. Davis and wife, Helen P. Davis, their agents, representatives, employees and assigns, be and they are hereby enjoined and restrained from further construction, completion, or work toward the completion of any duplex or multi-family dwelling unit or units upon any lots owned by them in 'Swan Acres' Subdivision, provided that said defendants may, if they so elect, convert the existing structures upon Lots Nos. 22 and 23, 'Swan Acres' Subdivision, into single-family residences, provided same may be completed without any violation of said Restrictive Covenants excepting sideline and set-back requirements; and it is further ORDERED that the defendants' cross-action and counterclaim be, and the same is hereby dismissed; and it is further ORDERED that Sam T. Woolard, et al, as principals, and Western Surety Company, as Surety, be, and they are hereby discharged from any and all liability upon the undertaking executed by them on April 5, 1973, in this cause; and the costs are taxed against the defendants.

This third day of February, 1975.

/s/ HALLETT S. WARD
Judge Presiding"

The plaintiffs excepted to Conclusion of Law No. 9 above and the defendants excepted to Conclusion of Law No. 10 above, and both parties appealed from the judgment.

*Carter and Archie by W. B. Carter, Jr., for plaintiff appellants and appellees.*

*Ward, Tucker, Ward & Smith, P.A., by C. H. Pope, Jr., for defendant appellants and appellees, Robert L. Davis and wife, Helen P. Davis.*

CLARK, Judge.

[1]  This is an exceptional case in that with incompatible claims both plaintiffs and defendants move for summary judgment, and yet there is no genuine issue of material fact which would make summary judgment inappropriate under G.S. 1A-1, Rule 56. None of the parties excepts to the conclusion of law in the judgment appealed from that "as between the plaintiffs and the defendants there is no genuine issue as to any material fact." Though each of the parties, plaintiff and defendant, excepted to a so-called finding of fact in the judgment, examination reveals that the finding excepted to by the defendants was a conclusion of law rather than fact, and the finding of fact excepted to by plaintiffs was immaterial; therefore disposition of the case by summary judgment was appropriate. It is noted that in ruling on a motion for summary judgment the trial judge does not make *findings of fact,* which are decisions upon conflicting evidence, but he may properly list the uncontraverted material facts which are the basis of his conclusions of law and judgment. *Singleton v. Stewart,* 280 N.C. 460, 186 S.E. 2d 400 (1972).

[2]  The defendants contend that the restriction agreement recorded in Book 618, Page 71, and incorporated by reference in each of the deeds to the grantees of lots in "Swan Acres" was invalid, because it was made and recorded by Copeland and Whitley, Incorporated, when the corporation owned no interest in the subdivision. This contention lacks merit because the important requirement is that the restrictions have a contractual basis for the imposition of the obligation on the grantor and grantee to observe them. This requirement is satisfied by contract implied from the acceptance of the deed containing the restrictions or properly incorporating the restrictions therein by reference. 26 C.J.S., Deeds, § 162(1), p. 1084. In this case the deeds to all lot owners incorporated by

reference the restrictions imposed by the agreement recorded in Book 618, Page 71. The defendants Davis, who question the validity of the restrictions, accepted their deed for seven lots with the restrictions incorporated therein, and they later conveyed three of these lots by deed with the restrictions incorporated therein.

[3]   Further, the defendants Davis take the position that even if the restrictive covenants are valid, the construction of duplexes in "Swan Acres" is not prohibited by the restriction which prohibits the construction of "more than one single unit family residence." To support this contention they rely on *Scott v. Board of Missions,* 252 N.C. 443, 114 S.E. 2d 774 (1960), and *Construction Company v. Cobb,* 195 N.C. 690, 140 S.E. 552 (1928). In *Cobb* the court upheld a ruling that the restriction, " 'shall be used for residential purposes only . . . and there shall not at any time be more than one residence or dwelling-house on said lot . . . ' " did not prohibit erection of an apartment house. In *Scott* the restriction stated, "There shall not be constructed on said lot more than one (1) dwelling house, . . . " It was held that there was no restriction limiting the use of the property for residential purposes only and that the construction of the church was not prohibited. In the case at bar a reasonable construction of the restrictive covenants is that they were intended to prohibit multi-family residences and to preserve the single family residential character of the subdivision. "In construing restrictive covenants, the fundamental rule is that the intention of the parties governs, . . . " *Long v. Branham,* 271 N.C. 264, 268, 156 S.E. 2d 235, 238 (1967).

[4]   The other assignments of error relate to the "not less than 40 or more than 60 feet from the front property line" restriction. Three of the five buildings in "Swan Acres," all owned by plaintiffs, are located more than 60 feet from the front property line. The two duplexes of the defendants Davis are located less than 40 feet from the front property line. Clearly, the defendants Davis and three of the plaintiffs have violated the set-back restrictions, and the other parties, plaintiff and defendant, have acquiesced in these violations.

Where restrictions have been imposed according to a general plan, one of the grantees of lots subject thereto, who has himself violated such restrictions, will not be allowed in equity to complain against similar violations by other grantees. 26

C.J.S., Deeds, § 169, p. 1163. We find that all of the parties, both plaintiff and defendant, have waived or abandoned by their conduct the set-back restriction, and that the District Court properly refused to interfere to prevent its violation. A balancing of the equities does not justify enforcement by requiring the movement of any of the buildings in the subdivision. The judgment of the District Court is

Affirmed.

Judges MORRIS and VAUGHN concur.