C. M. EASTERWOOD AND WIFE, MARTHA M. EASTERWOOD; JAMES C. HICKS AND WIFE, HILDA L. HICKS; TERRY A. WARD AND WIFE, DOROTHY S. WARD; JOHN R. HOOVER AND WIFE, REBECCA M. HOOVER; ALBERT LOYE, JR., AND WIFE, CAROLYN LOYE; G. G. LOTHIAN AND WIFE, LINDA M. LOTHIAN; CHESLEY OVERBY AND WIFE, BETTY OVERBY, BARBARA B. JONES AND HUSBAND, RONNIE JONES; DAVID M. VAUGHN AND WIFE, XANDRA W. VAUGHN; DALE A. FARRAR; IRA TROLLINGER AND WIFE, NANCY F. TROLLINGER; TOMMY SCHOOLFIELD AND WIFE, HAZEL SCHOOLFIELD, PLAINTIFFS v. GARY D. BURGE AND WIFE, BETTY J. BURGE, DEFENDANTS

No. 9017SC1159

(Filed 16 July 1991)

1. **Deeds § 85 (NCI4th) — restrictive covenant — residential purposes — use for access**

A restrictive covenant confining use of a subdivision lot to "residential purposes only" for the construction of "one detached single family dwelling" was violated by the owners' use of the lot for an access road to a tract of land outside the subdivision.

**Am Jur 2d, Covenants, Conditions, and Restrictions § 191.**

**Covenant in conveyance requiring erection of dwelling as prohibiting use of property for business or other nonresidential purpose. 32 ALR2d 1207.**

2. **Deeds § 82 (NCI4th) — restrictive covenant — waiver and estoppel**

A plaintiff who participated in the exchange of a subdivision lot with knowledge of defendants' intended use of the

EASTERWOOD v. BURGE

[103 N.C. App. 507 (1991)]

lot will be estopped from asserting that a restrictive covenant prohibited such use. Likewise, a plaintiff who knew of the planned use and consented or acquiesced in the plan has waived his right to assert the restrictive covenant.

**Am Jur 2d, Covenants, Conditions, and Restrictions §§ 273, 313.**

APPEAL by plaintiffs from summary judgment entered 14 June 1990 by *Judge W. Douglas Albright* in ROCKINGHAM County Superior Court. Heard in the Court of Appeals 15 May 1991.

*Gwyn, Gwyn & Farver, by Julius J. Gwyn, for plaintiff-appellants.*

*No brief was submitted for defendant-appellees.*

LEWIS, Judge.

[1] Defendants acquired a 1.313 acre lot in the Easterwood Subdivision (hereafter, the Easterwood lot) subject to a restrictive covenant which confined use of the lot to "residential purposes only" for the construction of "one detached single family dwelling." After having acquired this property, the defendants purchased approximately 13.902 acres bordering the nearby Reidsville City Lake (hereafter, the outside tract) which is not subject to restrictive covenants. The defendants have constructed a gravel way over and across the Easterwood lot as a means of access to and from the outside tract and U.S. Highway 158 by way of the private road of the Easterwood subdivision. The defendants do not contemplate construction of a single family residence on the Easterwood lot and intend to use it strictly as an access. The plaintiffs filed a complaint praying that the defendants be permanently enjoined from using the lot for the purpose of access. Defendants answered denying breach of restrictive covenants and asserting estoppel, laches, and waiver in defense. Both parties moved for summary judgment. The plaintiffs' motion was denied and defendants' motion was granted. The trial court retained jurisdiction.

Summary judgment is appropriate where there is no genuine issue of material fact, and where the moving party is entitled to judgment as a matter of law. *Gore v. Hill*, 52 N.C. App. 620, 621, 279 S.E.2d 102, 104 (1981). The effect of a restrictive covenant must be gathered from the language of the covenants in the in-

struments creating the restrictions, and are to be strictly construed against limitations in use. *Long v. Branham*, 271 N.C. 264, 268, 156 S.E.2d 235, 239 (1967).

Appellants rely on *Long v. Branham* for the proposition that: "nothing else appearing, restrictions imposed upon a particular subdivision are for the benefit of that particular development and no other. Therefore if its lots are restricted to residential use only, that is tantamount to saying that they are restricted solely to residential use in that subdivision." *Id.* at 274, 156 S.E.2d at 243. The facts of *Long v. Branham* are strikingly similar to those at hand. In that case, the defendants sought to use their lot for an access road connecting the major drive in a first subdivision to their house in an adjoining subdivision. The court construed a restrictive covenant in the first subdivision to exclude any use other than the actual construction of a residential house within the bounds of the subdivision citing that:

> [i]t is quite obvious that its developers and those who purchased lots therein did not contemplate that [the main road] should ever become a thoroughfare which would carry traffic from another subdivision. Their objective was a quiet, residential area in which the noise and hazards of vehicular traffic would be kept at a minimum and in which children could play with relative safety.

*Id.* at 274-75, 156 S.E.2d at 243.

We hold that this case falls within the holding of *Long v. Branham* and consequently that the defendants' use violates the restrictive covenant.

The defendants claimed the defenses of estoppel and waiver, and stated in their motion for summary judgment that the Easterwoods, Farrars, and Smiths all had knowledge of the purpose for which the defendants were purchasing the land; that the Easterwoods were told on two occasions of their intentions and did not object, that several of the plaintiffs knew defendants had purchased the unrestricted outside tract with knowledge that the Easterwood lot would be used for access, and that the Farrars traded the Easterwood lot with knowledge of the use defendants intended. Defendants argue that the failure of the Easterwoods, who are the developers, as well as the other plaintiffs to object to the plan of the roadway, constitutes waiver or, alternatively, a repre-

sentation on which the defendants reasonably relied in incurring the expenses of building the driveway. *See Shuford v. Oil Co.,* 243 N.C. 636, 646-47, 91 S.E.2d 903, 911 (1956). Plaintiffs deny that they consented in any way to the plans of the defendants.

[2]　Where a plaintiff participated in the exchange of land to the defendants knowing the defendants' intended use, that plaintiff should be estopped from asserting the restrictive covenant. *Rodgerson v. Davis,* 27 N.C. App. 173, 179, 218 S.E.2d 471, 475 (1975). Where a plaintiff knew of the plan of the defendants and consented or acquiesced in the plan, that plaintiff has waived his right to assert the restrictive covenant. *Id.* While the defendants' use of the property does constitute a violation of the restrictive covenant, we remand the case to the trial court for determination of whether each of the plaintiffs is estopped from asserting or has waived the right to assert the covenant.

Reversed and remanded.

Judges EAGLES and GREENE concur.