**EASTERWOOD v. BURGE**

[113 N.C. App. 265 (1994)]

C. M. EASTERWOOD AND WIFE, MARTHA M. EASTERWOOD; JAMES C. HICKS
AND WIFE, HILDA L. HICKS; TERRY A. WARD AND WIFE, DOROTHY S.
WARD; JOHN R. HOOVER AND WIFE, REBECCA M. HOOVER; ALBERT
LOY, JR. AND WIFE, CAROLYN LOY; G. G. LOTHIAN AND WIFE, LINDA
M. LOTHIAN; CHESLEY OVERBY AND WIFE, BETTY OVERBY; BARBARA
B. JONES AND HUSBAND, RONNIE JONES; DAVID M. VAUGHN AND WIFE,
XANDRA W. VAUGHN; DALE A. FARRAR; IRA TROLLINGER AND WIFE,
NANCY F. TROLLINGER; TOMMY SCHOOLFIELD AND WIFE, HAZEL
SCHOOLFIELD, PLAINTIFFS v. GARY D. BURGE AND WIFE, BETTY J.
BURGE, DEFENDANTS

No. 9217SC628

(Filed 4 January 1994)

**Deeds § 72 (NCI4th)— restrictive covenants in subdivision—
construction of right of way as violation—new facts—violation
not corrected—prior appeal as res judicata**

> The prior appeal in this action, 103 N.C.App. 507, operated
> as *res judicata*, barring defendants' arguments in the present
> appeal, since defendants' use of their subdivision lot as a gravel
> right of way to a parcel outside the subdivision would be
> a violation of the subdivision restrictions, and restrictions as
> to the outside parcel which were recorded subsequent to the
> prior appeal would not correct the violation.

**Am Jur 2d, Covenants, Conditions, and Restrictions § 232.**

Appeal by defendants from judgment entered 19 March 1992
by Judge Melzer A. Morgan, Jr. in Rockingham County Superior
Court. Heard in the Court of Appeals 13 May 1993.

*Gwyn, Gwyn & Farver, by Julius J. Gwyn, for plaintiffs-
appellees.*

*Walker, Melvin & Berger, by Philip E. Berger, for defendants-
appellants.*

JOHNSON, Judge.

This case has been to our Court previously. We restate the
preliminary facts underlying this action as found in *Easterwood
v. Burge*, 103 N.C. App. 507, 405 S.E.2d 787 (1991):

> Defendants acquired a 1.313 acre lot in the Easterwood Sub-
> division (hereafter, the Easterwood lot) subject to a restrictive

covenant [one of which are hereafter, the Easterwood restrictions] which confined use of the lot to "residential purposes only" for the construction of "one detached single family dwelling." After having acquired this property, the defendants purchased approximately 13.902 acres bordering the nearby Reidsville City Lake (hereafter, the outside tract) which is not subject to restrictive covenants. The defendants have constructed a gravel way over and across the Easterwood lot as a means of access to and from the outside tract and U.S. Highway 158 by way of the private road of the Easterwood subdivision. The defendants do not contemplate construction of a single family residence on the Easterwood lot and intend to use it strictly as an access. The plaintiffs filed a complaint praying that the defendants be permanently enjoined from using the lot for the purpose of access. Defendants answered denying breach of restrictive covenants and asserting estoppel, laches, and waiver in defense. Both parties moved for summary judgment. The plaintiffs' motion was denied and defendants' motion was granted. The trial court retained jurisdiction.

*Easterwood*, 103 N.C. App. at 508, 405 S.E.2d at 788. Our Court held in *Easterwood* that defendants' use of the Easterwood lot violated the restrictive covenant, and that the case should be remanded to the trial court "for determination of whether each of the plaintiffs is estopped from asserting or has waived the right to assert the covenant." *Id.* at 510, 405 S.E.2d at 789.

On remand, plaintiffs served interrogatories on defendants which dealt with these defenses of waiver, laches and estoppel, revolving around specifics as to the identification of plaintiffs who had knowledge of defendants' plans for the Easterwood lot at the time defendants acquired the inside tract. Plaintiffs then requested defendants to make admissions as to the answers to these interrogatories; defendants filed an answer to this request for admissions containing denials to many of the statements and filed a motion for leave to amend answer. This motion stated that "[t]he Court of Appeals Opinion was, in part, based upon the fact that the Defendants' property outside of the subdivision was 'not subject to restrictive covenants.' . . . On the 6th day of March, 1992, the Defendants filed in the Office of the Registrar of Deeds of Rockingham County, a Notice of Restrictive and Protective Covenants [hereafter, the Burge restrictions] on their previously unrestricted property located outside of the Subdivision[.]"

EASTERWOOD v. BURGE

[113 N.C. App. 265 (1994)]

Plaintiffs moved for summary judgment, alleging:

The defendants' response to the plaintiffs' interrogatories reveal that they have no evidence upon which to assert that "each of the plaintiffs' [sic] is estopped from asserting or has waived the right to assert the covenant".

In fact, the defendants' response to interrogatories reveals that they had contact with fewer than one-half of the plaintiffs before acting in breach of their covenant.

. . .

The defendants have asserted a counterclaim for which there is no support in law or in fact. In essence, the defendants seek to recover damages from these plaintiffs for seeking the relief to which plaintiffs are entitled and for the expensive consequences resulting from the defendants' efforts to do that which they were not legally entitled to do.

Defendants further alleged "that there is no genuine issue as to any material fact as shown by the pleadings and discovery together with the Affidavits attached hereto and Movants are entitled to Judgment as a matter of law."

The trial court ordered that plaintiffs' motion for summary judgment be allowed, that defendants' motion to amend their answer be denied, that defendants' counterclaim be dismissed, and that defendants be taxed with the cost of the action. From this order, defendants appealed to our Court.

Defendants argue that the trial court should have allowed defendants to amend their answer "to reflect changes in the relevant facts which occurred up to the time of the hearing and should have then granted Defendants [sic] motion for summary judgment." Defendants assert that the prior ruling from our Court is "instructive but not controlling," because the instant appeal should be based on the facts existing on 16 March 1992, the date of the hearing on remand. Defendants note that defendants' property has now been combined into one parcel, and the entire parcel is now subject to restrictive covenants, either the Easterwood restrictions or the Burge restrictions.

Defendants point out that in *Easterwood* defendants first acquired property "subject to a restrictive covenant which confined use of the lot to 'residential purposes only' then acquired property

'not subject to restrictive covenants' and constructed a gravel drive over the restricted property to the unrestricted property." Defendants argue that as of 6 March 1992, because the Easterwood lot was subject to the Easterwood restrictions and the outside parcel was subject to the recently recorded Burge restrictions, the "Defendants' entire property was subject to restrictions, the property could not be further subdivided and only one (1) single family dwelling could be constructed thereon."

Plaintiffs argue that our previous decision in *Easterwood* is the law in this case and the trial court's subsequent granting of summary judgment should control.

We first address whether our *Easterwood* decision operates as *res judicata*, barring defendants' arguments in the instant appeal:

A final adjudication of an action, on its merits, by a court of competent jurisdiction is conclusive, as to the parties, of the issues raised therein and the doctrine of *res judicata* bars subsequent actions involving the same issues and parties and those in privity with them. Strict identity of issues is not required; the doctrine of *res judicata* also applies to issues which could have been, but were not, raised in the prior action. However, where subsequent to the rendition of judgment in the prior action, new facts have occurred which may alter the legal rights of the parties, the former judgment will not operate as a bar to the later action.

*Trustees of Garden of Prayer Baptist Church v. Geraldco Builders*, 78 N.C. App. 108, 112, 336 S.E.2d 694, 697 (1985) (citations omitted). For reasons which follow, we find that *res judicata* acts as a bar to defendants' arguments because there has been a final adjudication of this action on its merits. We further find defendants' assertion that new facts have occurred which alter defendants' legal rights without merit.

Defendants assert as new facts that defendants' property has now been combined by deed into one parcel and the entire parcel is now subject to restrictive covenants, either the Easterwood restrictions or the Burge restrictions.

As in our earlier *Easterwood* opinion, we quote with approval from *Long v. Branham*, 271 N.C. 264, 156 S.E.2d 235 (1967). We note initially that "[i]n construing restrictive covenants, the fun-

damental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions." *Long*, 271 N.C. at 268, 156 S.E.2d at 238. Concerning a "[g]rant of right of way over restricted property as a violation of restriction," our Supreme Court has said:

> In general, it may be said that if the granting of the right of way seems to be inconsistent with the intention of the parties in creating or agreeing to the restriction and with the result sought to be accomplished thereby, the courts incline to hold such a grant to be a violation of the restriction, while if the granting of the right of way does not interfere with the carrying out of intention of the parties and the purpose of the restrictions, it will not be held to be a violation.

*Id.* at 269, 156 S.E.2d at 239. The dispositive question on this appeal is whether the granting of the right of way will interfere with the carrying out of the intention of the Easterwood subdivision owners and the purpose of the Easterwood restrictions.

We note that although the Easterwood restrictions and Burge restrictions are nearly similar, there is one fatal difference: the covenants as to the Easterwood subdivision lots can only be amended "prior to the expiration of thirty (30) years by instrument signed by the owners of not less than seventy five (75%) per cent of the described property and thereafter by an instrument signed by the owners of a majority of the property." "[T]he owners . . . of the described property" refers to all of the property owners in the Easterwood subdivision. The Burge restrictions can be amended in a similar fashion. However, "the owners . . . of the described property" as to the Burge restrictions refers only to property owned by the following parties: defendants, Dale A. Farrar and wife, Kimberly P. Farrar; and Joseph T. Smith and wife, Deborah S. Smith. The Farrars and Smiths are Easterwood subdivision owners whose lands are adjacent to defendants' outside parcel.

The amendment language in the Easterwood restrictions indicates that by agreeing to the Easterwood restrictions, the Easterwood subdivision owners clearly intended to maintain control over the amendment of those restrictions. Because we find that the Easterwood subdivision owners would not retain such control over the outside parcel in this appeal, we find that to grant the right of way would be a violation of the Easterwood restrictions.

Therefore, we find that the trial court properly ordered that plaintiffs' motion for summary judgment be allowed, that defendants' motion to amend their answer be denied, that defendants' counterclaim be dismissed, and that defendants be taxed with the cost of the prior action.

The decision of the trial court is affirmed.

Judges GREENE and WYNN concur.