KEVIN BELVERD AND WIFE, MERYL BELVERD, PLAINTIFFS-APPELLANTS V. ALLAN D. MILES AND WIFE, WANDA M. MILES, SYCAMORE PROPERTIES, A NORTH CAROLINA GENERAL PARTNERSHIP, SYCAMORE DEVELOPMENT, LLC, AND HUNTER & BROWN, INC., DEFENDANTS-APPELLEES

No. COA01-1108

(Filed 17 September 2002)

**1. Deeds— restrictive covenants—use of lot for through-street**

Subdivision restrictive covenants did not prohibit the use of a portion of a lot in the subdivision for construction of a through-street to provide access to an adjacent tract where a covenant

BELVERD v. MILES

[153 N.C. App. 169 (2002)]

restricting use of the subdivision lots to residential purposes was modified by another covenant providing that lots could be used for the purpose of constructing a public street to property surrounding the subdivision with the written consent of the original grantors, and the original grantors conveyed the portion of the lot used for the through-street to the developers of the adjacent tract.

## 2. Contracts— breach of promise implied in development plan—voluntary dismissal of claims

The trial court did not err by granting summary judgment in favor of defendant developers on plaintiffs' claim that defendant individuals breached a promise implied from the development plan, because: (1) the claim as set forth in the complaint is expressly alleged against defendant individuals; and (2) plaintiffs have voluntarily dismissed all claims against defendant individuals.

## 3. Parties— necessary—motion to join

The trial court did not err by denying defendant's motion to join as necessary parties all of the lot owners and the pertinent city, because this case involves the determination of whether a certain use of the pertinent land violates the applicable restrictive covenants instead of a determination of whether changed circumstances have taken place so as to void a restrictive covenant in equity.

## 4. Injunction— preliminary—failure to return bond posted as security

Although plaintiffs contend the trial court erred by failing to return to plaintiffs the $5,000 bond posed by plaintiffs as security for the issuance of a preliminary injunction, this issue is premature because the record does not contain any indication that the trial court has yet considered or determined whether defendant developers have sustained any damages as a result of the injunction entered against them.

Appeal by plaintiffs from an order entered 16 April 2001 by Judge Michael E. Beale in Superior Court, Cabarrus County. Heard in the Court of Appeals 5 June 2002.

*Womble Carlyle Sandridge & Rice, PLLC, by John C. Cooke and Christine Carlisle Odom, for plaintiff-appellants.*

*Rosenman & Colin LLP, by Richard L. Farley, for defendant-appellees.*

McGEE, Judge.

This case involves the question of whether Sycamore Properties, Sycamore Development, LLC, and Hunter & Brown, Inc. (the Developers) are prohibited from using a particular strip of land, located on a lot in a subdivision, to construct a through-street as a result of certain restrictive covenants. The trial court held that the restrictive covenants do not prohibit the use of the land in question to construct a through-street. We affirm.

The following facts are undisputed. The Partridge Bluff subdivision (Partridge Bluff) is a single-family, residential subdivision in Concord, Cabarrus County, North Carolina that is divided into two sections, Section I and Section II. The original owners of Partridge Bluff, Allan D. Miles and Wanda M. Miles (the Mileses), executed and recorded "Protective Covenants and Restrictions for the Subdivision of Partridge Bluff" (the Covenants) for Section I of Partridge Bluff at Book 527, Page 93 in the Cabarrus County Registry. The Mileses conveyed Lot 30 to the predecessor-in-title of plaintiffs in 1983. Lot 30 fronts on Bridlewood Place (a public street) and is directly across from Lot 1. The Mileses also owned a large tract of land adjacent to Partridge Bluff (the Sycamore Property). The Mileses conveyed the Sycamore Property and a certain portion of Lot 1 of Partridge Bluff (together the Sycamore Tract) to defendant Sycamore Properties by deed (the Sycamore Deed) dated 26 January 1988. The Sycamore Deed identifies the portion of Lot 1 conveyed to Sycamore Properties as being sixty feet in width and 385 feet in length (the Lot 1 Strip). One of the purposes of including the Lot 1 Strip in the Sycamore Deed was "to provide access to the Sycamore Tract directly from Bridlewood Place, a public street."

Lot 30 was acquired by Carolina Family Restaurants Limited Partnership I (CFRP I) and Carolina Family Restaurants Limited Partnership II (CFRP II) in 1996. Plaintiff Kevin Belverd was and is the general partner of CFRP I and CFRP II. CFRP I and CFRP II conveyed Lot 30 to Carolina Family Restaurants Limited Partnership III (CFRP III) in 1998. CFRP III conveyed Lot 30 to plaintiffs.

Defendant Sycamore Properties employed defendant Hunter & Brown, Inc. in 1998 to provide planning and project management services for the development of the Sycamore Tract. In November 1998, Hunter & Brown, Inc. presented to the City of Concord Planning and Zoning Commission (the Commission) a preliminary plan to subdivide the Sycamore Tract into a residential section and a commercial section, and to call the subdivision "Coldwater." The Commission published a Notice of Public Hearing on 4 January 1999 for the preliminary plat review of the Coldwater Subdivision. No notice of the hearing was mailed directly to the owners of lots in Partridge Bluff, and plaintiffs did not have actual knowledge of the Commission's consideration of the plat.

At the hearing on 19 January 1999, the preliminary plat plan was unopposed, and the Commission thereafter approved the plat. In March 1999, the Developers began to construct a through-street across the Lot 1 Strip in order to connect the Coldwater Subdivision on the Sycamore Tract to Bridlewood Place in Partridge Bluff, Section I.

Plaintiffs filed a complaint against the Developers and the Mileses on 5 May 2000, setting forth various causes of action, requesting declaratory judgment, and seeking to prevent continued construction of the through-street. The Developers and the Mileses filed answers denying the allegations and asserting affirmative defenses of laches and estoppel. The trial court entered a temporary restraining order in June 2000 and subsequently entered a preliminary injunction, specifically enjoining the use of the through-street for access to the commercial portion of Coldwater. The trial court indicated that the Developers could continue to construct the through-street at their own risk. The Developers proceeded with construction of the through-street and offered the street for public dedication in December 2000. The street, originally named "Henry Place" and subsequently renamed "Ravenswood Drive," now connects the residential portion of the Sycamore Tract, renamed Sycamore Ridge, to Bridlewood Place. Ravenswood Drive is currently the only completed, paved street connecting Sycamore Ridge to the public street system.

The parties participated in a Mediated Settlement Conference and reached a Settlement Agreement in January 2001, pursuant to which plaintiffs dismissed all of their claims for damages against Sycamore Properties, Sycamore Development, LLC, and Hunter & Brown, Inc., and took a voluntary dismissal as to all claims against the Mileses.

Plaintiffs filed one motion for summary judgment as to all of their claims, and a second motion for summary judgment as to the Developers' affirmative defenses of laches and estoppel. Plaintiffs also filed a motion to join necessary parties. The Developers filed a motion for summary judgment as to all of plaintiffs' claims. Following a hearing, the trial court entered an order on 16 April 2001 that dissolved the preliminary injunction, granted the Developers' motion for summary judgment on all claims, and denied all of plaintiffs' motions, holding that the Developers' "use and intended use of the disputed portion of Lot 1 does not violate, complies with and is permitted by [the covenants]." The trial court's order did not address the $5,000.00 bond that plaintiffs had posted in support of the preliminary injunction.

**[1]** On appeal, plaintiffs first argue that the trial court erred in granting summary judgment in favor of the Developers on claim one (seeking injunctive relief based on an alleged violation of the covenants), and on claim nine (seeking declaratory judgment). Plaintiffs contend that the applicable covenants prohibit the Developers' use of the Lot 1 Strip as a through-street. We disagree.

The covenants contain a list of provisions, including the following:

> 1. No lot shall be used for other than residential purposes. No residential dwelling shall be erected, placed or permitted to remain on any lot other than one single family dwelling[.]
>
> . . . .
>
> 13. No lot shall be used for the purpose of constructing a public street or to provide access to and from the properties located in the subdivision of Partridge Bluff, Section One, to property surrounding Partridge Bluff, Section One, except with the written consent and permission of Allan D. Miles, and wife, Wanda M. Miles, their heirs and assigns.

Neither paragraph one nor paragraph thirteen is, on its own, ambiguous. However, in terms of whether a lot may be used for a through-street, paragraphs one and thirteen conflict with each other. Paragraph one would prohibit the use of a lot for a public through-street since such use is clearly not "residential." *See Easterwood v. Burge*, 103 N.C. App. 507, 509, 405 S.E.2d 787, 789 (1991) (holding that a covenant restricting property to "residential purposes only" prohibited construction of access road to separate parcel); *see also Franzle*

*v. Waters*, 18 N.C. App. 371, 376, 197 S.E.2d 15, 18 (1973). Paragraph thirteen, on the other hand, would allow such use if the Mileses gave written consent. Plaintiffs contend that paragraph thirteen was not intended to modify the general prohibition against using lots for non-residential purposes in paragraph one; rather, plaintiffs contend, paragraph thirteen was only intended to "add[] an additional layer of protection." We find this argument to be without merit.

If paragraph thirteen is not construed as modifying paragraph one, then, pursuant to paragraph one, no lot could ever be used to construct a public street because such use is not residential, and paragraph thirteen, purporting to allow such use if the Mileses give written consent, would be superfluous. We believe such an interpretation of the covenants would be contrary to the applicable rules of interpretation.

> The applicable rules of interpretation require that the meaning of the contract be gathered from a study and a consideration of all the covenants contained in the instrument and not from detached portions. It is necessary that every essential part of the contract be considered—each in its proper relation to the others—in order to determine the meaning of each part as well as of the whole, and each part must be given effect according to the natural meaning of the words used.
>
> Another fundamental rule of construction applicable here requires that each part of the contract must be given effect, if that can be done by fair and reasonable intendment, before one clause may be construed as repugnant to or irreconcilable with another clause.

*Callaham v. Arenson*, 239 N.C. 619, 625, 80 S.E.2d 619, 623-24 (1954) (internal citations omitted).

Pursuant to these rules, we hold that paragraph thirteen was intended to modify the general prohibition of paragraph one by providing that lots could be used for the specific non-residential purpose of constructing a public street upon obtaining consent from the Mileses in writing. Furthermore, we note that this construction comports with the well-established principle that when the meaning of covenants purporting to restrict the free use of property is in doubt, such covenants are to be construed in favor of the unrestricted use of property. *See Long v. Branham*, 271 N.C. 264, 268, 156 S.E.2d 235, 239 (1967).

**BELVERD v. MILES**

[153 N.C. App. 169 (2002)]

**[2]** Because we hold that the covenants do not prohibit the Developers' use of the Lot 1 Strip as a through-street, we need not address plaintiffs' argument that the trial court erred in denying plaintiffs' motion for summary judgment as to the Developers' defenses of laches and estoppel. Plaintiffs also contend that the trial court erred in granting summary judgment in favor of the Developers on plaintiffs' claim that the Mileses breached a promise implied from the development plan. We disagree and affirm the trial court's ruling on this claim because the claim, as set forth in the complaint, is expressly alleged against the Mileses and, as noted above, plaintiffs have voluntarily dismissed all claims against the Mileses.

**[3]** Furthermore, we disagree with plaintiffs' argument that the trial court erred in denying plaintiffs' motion to join certain parties. Plaintiffs rely solely upon the case of *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 527 S.E.2d 40 (2000), for the proposition that the trial court should have joined as necessary parties all of the lot owners and the City of Concord. However, plaintiffs' reliance upon *Karner* is misplaced. That case involved a "determination of whether a change of circumstances has taken place so as to void a restrictive covenant in equity[.]" *Id.* at 437, 527 S.E.2d at 43. The case before us involves no such determination, but rather involves the determination of whether a certain use of the land in question violates the applicable restrictive covenants. Having found no authority to support plaintiffs' proposition, we affirm the trial court's ruling on this issue.

We have also examined plaintiffs' arguments that the trial court erred in granting summary judgment on plaintiffs' claims of negligence and unfair and deceptive practices and find them to be without merit.

**[4]** Finally, plaintiffs contend the trial court erred by failing to return to plaintiffs the $5,000.00 bond posted by plaintiffs as security for the issuance of the preliminary injunction. However, the record does not contain any indication that the trial court has yet considered or determined whether the Developers have sustained any damages as a result of the injunction entered against them. *See Tedder v. Alford*, 128 N.C. App. 27, 36, 493 S.E.2d 487, 492 (1997), *disc. review denied*, 348 N.C. 290, 501 S.E.2d 917 (1998). Thus, plaintiffs' assignment of error on this issue is premature.

We affirm the order of the trial court.

LEE RAY BERGMAN REAL ESTATE RENTALS v. N.C. FAIR HOUSING CTR.

[153 N.C. App. 176 (2002)]

Affirmed.

Judges WYNN and LEWIS concur.